NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1087                                          Appeals Court

COMMONWEALTH  vs.  KEYLA MARTINEZ.[1]

No. 14-P-1087.

Suffolk.     March 3, 2015. - June 29, 2015.

Present:  Kantrowitz, Blake, & Massing, JJ.

Motor Vehicle, Leaving scene of accident.  Practice, Criminal,
     Required finding.

Complaint received and sworn to in the Central Division of
the Boston Municipal Court Department on March 7, 2013.

The case was tried before Robert J. McKenna, Jr., J.

Sandra E. Lundy for the defendant.
Alison Taylor Holdway, Special Assistant District Attorney,
for the Commonwealth.

KANTROWITZ, J.  In a case containing some rather odd facts,

the defendant, Keyla Martinez, was convicted of leaving the

scene of an automobile accident without making known her name,

address, and vehicle registration number under G. L. c. 90,

§ 24(2)(a), despite her offer of the information.  Providing the

_____

[1] We refer to the defendant by the name appearing in the
complaint.

required information is necessary under the statute; in this case, the attempt to provide it was not adequate.

Background.  Around 12:15 A.M. on January 26, 2013, as the defendant was driving a station wagon on Main Street in Charlestown, she "sideswiped" the parked car of Jessica Cordiero, who was seated in the driver's seat.  At the time, Cordiero was speaking to her friend, whom she was dropping off at the friend's residence.[2]  After the crash, Cordiero could not exit her car from the driver's side because of the damage.  She had to move across her car's interior and exit from the passenger side.

The defendant's station wagon stopped on the sidewalk. Cordiero began walking toward the defendant's car.  The defendant and a passenger both exited the station wagon.  The defendant's sister, who had been following the defendant in a third car, also pulled over.  Strangely, the sister then entered the defendant's station wagon and drove away, leaving the defendant and Cordiero.[3]  Cordiero noted the license plate number on the station wagon, and her friend called the police.

Cordiero then asked the defendant for her license and registration.  The defendant responded that she did not have

---

[2] The record is unclear as to whether the friend was in the car at the time of impact.

[3] The record is unclear as to what the passenger in the defendant's car did.

those materials as they were in her station wagon that had been driven away. The defendant, however, stated that the station wagon would return.[4] The defendant at some point told Cordiero that her children were also inside the station wagon.

The defendant asked Cordiero not to call the police, stating, "I think we can take care of this between us." Cordiero replied that the police had already been contacted. The defendant repeated her desire not to involve the police. Cordiero testified that she "didn't feel comfortable" with the suggestion due to the station wagon leaving the scene.

About fifteen minutes later, the defendant's sister returned in the station wagon with, according to Cordiero's testimony, the defendant's license and registration. The sister stated that the parties "could take care of this between us and that we shouldn't involve the police." Cordiero refused the defendant's attempt to provide her license and registration information, preferring to await the arrival of the police, who "would be there any minute." The defendant and her sister then entered the station wagon and left.[5] Cordiero did not receive the defendant's information.[6]

---

[4] How she knew this is unclear.

[5] Cordiero testified that the defendant and her sister both left in the station wagon. The record is unclear both as to what happened to the third car, which the defendant's sister had earlier been driving, and the passenger in the defendant's car.

After about twenty or thirty minutes, the police arrived, spoke with Cordiero, entered the defendant's license plate number into a database, and obtained her name and address. They then traveled to the defendant's apartment. Upon arriving, they saw the damaged station wagon. The defendant told the officers that she planned to return to the scene of the accident but did not specify when.[7]

The defendant was charged with, and convicted of, leaving the scene of an accident without providing her name, address, and vehicle registration number. G. L. c. 90, § 24(2)(a).[8]

---

[6] Defense counsel suggested on his cross-examination of Cordiero that the defendant and her sister attempted to provide Cordiero with a piece of paper, apparently separate from the defendant's license and registration. Cordiero testified that she did not receive any paper. No evidence was produced as to what information the paper contained, or whether this paper was something separate from the license and registration.

[7] An officer testified that the defendant said that "she had her kids in the car and she was going to go back" to the scene of the accident.

[8] The Commonwealth alleged before trial that the defendant was intoxicated on the night of the accident. No such evidence was subsequently produced. Initially, the defendant was set to plead guilty to the charge. The prosecutor then read the allegations, which included purported observations from witnesses at the scene that the defendant appeared intoxicated. The prosecutor also alleged that officers who spoke to the defendant at her apartment raised the issue of intoxication with her. At this point of the plea, when the judge asked the defendant whether she agreed with the allegations, she indicated that she did not, and the trial commenced.

Discussion.  The defendant argues that the judge erred in denying her motion for a required finding of not guilty because the evidence was insufficient to show that she failed to make known her identifying information.  We disagree.

The Commonwealth must prove five elements to support a conviction under G. L. c. 90, § 24(2)(a):

> "(1) the defendant operated a motor vehicle (2) on a public way (3) and collided with . . . another vehicle . . .; (4) the defendant knew that he had collided with . . . that other vehicle . . .; and (5) after such collision . . ., the defendant did not stop and make known his name, address, and the registration number of his motor vehicle."

Commonwealth v. Platt, 440 Mass. 396, 400 n.5 (2003).

The defendant concedes, rightly so, that only the fifth element is contested here.

The statute "requires the tendering on the spot and immediately of explicit and definite information as to himself of a nature which will identify him readily, and make it simple and easy to find him thereafter."  Commonwealth v. Horsfall, 213 Mass. 232, 236 (1913) (interpreting predecessor statute).[9]  When amending the statute, the Legislature "impos[ed] strict liability on one who thinks incorrectly that he has made sufficient disclosure" of identifying information after an

---

[9] The statute at issue in Commonwealth v. Horsfall was St. 1909, c. 534, § 22.  That statute was a predecessor to G. L. c. 90, § 24(2)(a).  See Commonwealth v. Kraatz, 2 Mass. App. Ct. 196, 200 (1974) (discussing statute's history).

accident.  Commonwealth v. Kraatz, 2 Mass. App. Ct. 196, 200 (1974).

Here, a rational jury could have found that the defendant violated the statute by failing to "stop and make known [her] name, address, and the registration number of [her] motor vehicle."  Commonwealth v. Platt, supra.  Ultimately, regardless of any efforts made, the defendant left the scene of the accident without making her identifying information known to Cordiero or the police.  The defendant failed to disclose her information orally[10] and failed to leave the information with Cordiero in some written form.  The defendant is liable for her failure, regardless of whether Cordiero's insistence on waiting for the police was reasonable.[11]  See Commonwealth v. Kraatz, supra.

_____

[10] The court in Commonwealth v. Joyce, 326 Mass. 751 (1951), suggested in dicta that a party may make known his or her identifying information by oral disclosure.  See id. at 752 ("There was no evidence that the defendant, either orally or in writing, made known his residence or the register number of his automobile to anyone on behalf of the victim or to any police officer").  Nothing in the plain text of the statute precludes making the information known by oral disclosure, such as telling a police officer or the other party the information, which the recipient presumably memorializes in some manner.  At bottom, disclosure must culminate in making the information known.  In Joyce, the defendant orally stated his name only, which was insufficient.  It appears in this day and age that parties involved in a collision merely exchange papers, showing each other their license and registration.

[11] Given the unique facts of this case, it is difficult to fault Cordiero for wishing to wait for the police to arrive.

The defendant argues that her obligation under the statute ended when she offered information to Cordiero.  This argument confuses offering information with making the information known.  Although the statute "requires the tendering on the spot and immediately of explicit and definite information," Commonwealth v. Horsfall, supra, satisfying this requirement does not always suffice to "make known" the identifying information.

Here, the defendant offered the required information to Cordiero, but then left without making that information known.  The defendant easily could have left the material with Cordiero in some written form.  As she did not, a rational jury could have found, based on Cordiero's testimony, that the defendant failed to make that information known.[12]  As such, the judge properly denied the motion for a required finding of not guilty.  See Commonwealth v. Platt, 440 Mass. at 400.[13]

---

[12] We can envision certain scenarios, e.g., road rage, an emergency, etc., which would preclude furnishing the necessary information, that would not result in a violation of the statute.  Such is clearly not the case here.

[13] The defendant's other argument, that the prosecutor made improper remarks in his closing argument, is without merit.  The prosecutor's remarks "fairly responded to defense counsel's argument" during closing that the defendant acted reasonably and Cordiero acted unreasonably.  Commonwealth v. Smith, 450 Mass. 395, 408 (2008).  The judge instructed the jury that closing arguments are not evidence, and that they should not be swayed by prejudice or sympathy.  The jury are presumed to follow these instructions.  See Commonwealth v. Andrade, 468 Mass. 543, 549 (2014).  The claimed error also did not misstate any evidence, and the Commonwealth's case was strong insofar as it presented

Judgment affirmed.

---

undisputed testimony that the defendant left the scene without making known her identifying information.