NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12066


COMMONWEALTH  vs.  RANDY A. LeBLANC.



Franklin.     September 8, 2016. - October 28, 2016.

Present:  Gants, C.J., Botsford, Lenk, Hines, Gaziano, Lowy, &
Budd, JJ.


Motor Vehicle, Leaving scene of accident.  Statute,
    Construction.




Complaint received and sworn to in the Orange Division of
the District Court Department on May 3, 2013.

The case was heard by David S. Ross, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


Leslie H. Powers for the defendant.
Thomas H. Townsend, Assistant District Attorney, for the
Commonwealth.


BUDD, J.  Following a jury-waived trial in the Orange

Division of the District Court Department in March, 2014, the

defendant, Randy A. LeBlanc, was found guilty of knowingly

causing damage to another automobile in a private driveway and

leaving without identifying himself to the owner under G. L. c. 90, § 24 (2) (a).[1]  He appealed, and the Appeals Court affirmed the conviction in a memorandum and order issued pursuant to its rule 1:28.  Commonwealth v. LeBlanc, 88 Mass. App. Ct. 1112 (2015).  We granted further appellate review to determine whether the prohibition set forth in § 24 (2) (a) against leaving the scene after causing property damage without providing identification includes as an element of the crime that the accident causing the damage occurred on a public way.[2]  We conclude that it does not and affirm the defendant's conviction.

Background.  The trial evidence would permit the following facts to be found.  In February, 2013, a friend of the defendant telephoned him to ask for a ride to a nearby convenience store.  The defendant arrived in his pickup truck at the home where the friend was staying and pulled into the driveway where the homeowner's Chevrolet Cavalier automobile was already parked.  The friend entered the truck and the two men left.  Upon their return, the defendant backed his truck into the driveway.  When the friend got out of the truck, he noticed that the Cavalier's

---

[1] The Commonwealth filed a nolle prosequi with respect to a charge of operating a vehicle without insurance under G. L. c. 90, § 34J.

[2] The defendant raised the "public way" argument for the first time on appeal after the Appeals Court panel requested supplemental briefing on this issue.

hood was "pushed up" and that it had been pushed back into a trailer. The friend waved his arms to signal to the defendant, but the defendant "just left." The defendant later admitted to the friend and to an investigating police officer that he had accidentally hit the Cavalier.

Discussion. 1. Statutory interpretation. We begin with the plain language of the statute. International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 853 (1983). Clear and unambiguous language is conclusive as to legislative intent. Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 124 (2006). General Laws c. 90, § 24 (2) (a), provides in part:

> "[1] Whoever upon any way or in any place to which the public has a right of access, or any place to which members of the public have access as invitees or licensees, operates a motor vehicle recklessly, or operates such a vehicle negligently so that the lives or safety of the public might be endangered, or upon a bet or wager or in a race, or [2] whoever operates a motor vehicle for the purpose of making a record and thereby violates any provision of [G. L. c. 90, § 17,] or any regulation under [G. L. c. 90, § 18], or [3] whoever without stopping and making known his name, residence and the register number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property, or [4] whoever loans or knowingly permits his license or learner's permit to operate motor vehicles to be used by any person, or [5] whoever makes false statements in an application for such a license or learner's permit, or [6] whoever knowingly makes any false statement in an application for registration of a motor vehicle or [7] whoever while operating a motor vehicle in violation of [G. L. c. 90, §] 8M, 12A or 13B, such violation proved beyond a reasonable doubt, is the proximate cause of injury to any other person, vehicle or property by operating said

motor vehicle negligently so that the lives or safety of the public might be endangered, shall be punished by a fine of not less than twenty dollars nor more than [$200] or by imprisonment for not less than two weeks nor more than two years, or both; and [8] whoever uses a motor vehicle without authority knowing that such use is unauthorized shall, for the first offense be punished . . ." (bracketed numbers and emphases added).

Here, the statute comprises several self-contained "whoever" clauses.[3] The language referring to a "public way" is found in the first clause, making it unlawful to "recklessly, . . . negligently[,] . . . or upon a bet or a wager or in a race" operate a motor vehicle "upon any way or in any place to which the public has a right of access." G. L. c. 90, § 24 (2) (a). The "public way" language[4] is not found in any of the remaining "whoever" clauses. It, thus, modifies only the first "whoever" pronoun. See The Chicago Manual of Style § 5.175 at 248 (16th ed. 2010) ("If a prepositional phrase equally modifies all the elements of a compound construction, the phrase follows the last element in the compound"). See also Rowley v. Massachusetts Elec. Co., 438 Mass. 798, 802 (2003) (court uses standard rules of grammar when interpreting statutory language).

---

[3] The parties agree that the only language at issue is that found before the section's first semicolon (located at the end of the seventh clause).

[4] Our discussion uses the shorthand "public way," "public way element," or "public way predicate" to refer to the following text found in the first clause of G. L. c. 90, § 24 (2) (a): "any way or in any place to which the public has a right of access, or any place to which members of the public have access as invitees or licensees."

The use of the phrase "or whoever" to create discrete clauses, each with its own prohibitions, indicates that the clauses "stand on their own grammatical feet" (citation omitted), Carter v. United States, 530 U.S. 255, 273 (2000) (statute's discrete prohibitions and their elements were separated by pronoun "whoever").  Therefore, based on a plain reading of the statute, the "public way" language does not attach to any clause except the first.  See United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 454 (1993) ("the meaning of a statute will typically heed the commands of its punctuation").

The defendant argues that the public way element is necessary to make sense not only of the clause at issue but others as well.  For instance, he points to the seventh clause which refers to "operating a motor vehicle in violation of [G. L. c. 90, §] . . . 12A."  G. L. c. 90, § 24 (2) (a). General laws, c. 90, § 12A, bans the use of cellular telephones while operating public transportation vehicles.  The defendant asserts that the public way element must apply to this clause because it would be unreasonable to prosecute a school bus driver who is using her cellular telephone while driving the bus in a private bus yard.  In fact, because school buses generally transport children, public safety is at least one good reason

for prohibiting this activity whether it occurs on public or private property.

Contrary to the defendant's claims, none of the "whoever" clauses following the first requires the public way predicate in order to make sense.  Indeed, adding a public way element to the fifth and sixth clauses, which prohibit making "false statements" in an application for a driver's license, learner's permit, or motor vehicle registration, would be illogical.  See Lowery v. Klemm, 446 Mass. 572, 578-579 (2006) ("we will not adopt a construction of a statute that creates 'absurd or unreasonable' consequences" [citation omitted]).

The defendant also argues that if the public way element is not applicable to the crime of leaving the scene of a motor vehicle accident after causing property damage, G. L. c. 90, § 24 (2) (a), would be inconsistent with G. L. c. 90, § 24 (2) (a 1/2), which prohibits leaving the scene of a motor vehicle accident after causing personal injury and contains a public way predicate.[5]  The result is that a driver can be convicted of

_____

[5] General Laws c. 90, § 24 (2) (a 1/2), provides in relevant part:

"(1) Whoever operates a motor vehicle upon any way or in any place to which the public has right of access, or upon any way or in any place to which members of the public shall have access as invitees or licensees, and without stopping and making known his name, residence and the registration number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any

leaving the scene of an accident causing property damage regardless of whether it occurred on a public or private way, but can only be convicted of leaving the scene of an accident causing personal injury if the accident occurred on a public way.  Although the two statutory provisions may appear inconsistent, we cannot read language into a statute that is not there.[6]  "[I]t is the function of the judiciary to apply [the statutory language], not amend it."  Commissioner of Revenue v. Cargill, Inc., 429 Mass. 79, 82 (1999).

2.  Rule of lenity.  The defendant argues in the alternative that § 24 (2) (a) is ambiguous and we therefore should apply the rule of lenity in construing it.  See Commonwealth v. Constantino, 443 Mass. 521, 525 (2005) (if

---

person not resulting in the death of any person, shall be punished by imprisonment for not less than six months nor more than two years and by a fine of not less than [$500] nor more than [$1,000]" (emphasis added).

[6] A review of the legislative history of G. L. c. 90, § 24 (2) (a) and (a 1/2), shows that these two provisions have always presented this dichotomy.  That is, the property damage provision has always appeared in § 24 (2) (a) as one of several clauses demarcated by "or whoever" but has never included the public way predicate that appears in the first clause.  See, e.g., St. 1908, c. 648, § 7, amending St. 1906, c. 412, § 4; G. L. c. 90, § 24 (1927); G. L. c. 90, § 24 (1932); G. L. c. 90, § 24 (2) (a) (1990).  By contrast, the personal injury provision, which in 1991 became a separate section, § 24 (2) (a 1/2), has always included a public way predicate.  See St. 1991, § 2.  If nothing else, the history of the personal injury clause demonstrates that when the Legislature intends to include a public way predicate in § 24 (2) (a) beyond the first clause, it knows how to do so.

criminal statute found to be ambiguous, defendant should be given benefit of ambiguity).

To support this argument the defendant partly relies on Commonwealth v. Platt, 440 Mass. 396, 400 n.5 (2003), where this court mistakenly stated in a footnote that the crime of leaving the scene of an accident involving property damage includes a public way element as one of five distinct elements of the crime.  We acknowledge that this likely caused some confusion, as reflected in a number of Appeals Court decisions following Platt, and in the District Court's model jury instructions.[7] However, the existence, or not, of a public way predicate as an element of the crime was not raised as an issue in the Platt case, and its inclusion in the listed elements of the crime was dictum.  Unlike in Platt, the issue is squarely before us today, and we here seek to clear up the confusion.  As discussed above, the plain language of the portion of G. L. c. 90, § 24 (2) (a), under which the defendant was convicted does not contain a public way element.  The statute is unambiguous; the rule of lenity does not apply.

Judgment affirmed.

---

[7] See Commonwealth v. Henderson (No. 1), 89 Mass. App. Ct. 205, 207 (2016); Commonwealth v. Martinez, 87 Mass. App. Ct. 582, 584 (2015); Commonwealth v. Velasquez, 76 Mass. App. Ct. 697, 698-699 (2010); Criminal Model Jury Instructions for Use in the District Court 5.180 (rev. 2016).

GANTS, C.J. (concurring, with whom Lenk, J., joins).  I agree entirely with the court that, under G. L. c. 90, § 24 (2) (a), regardless of whether the accident occurred on a public way or on private property, it is a crime for the driver of a motor vehicle, "after knowingly colliding with or otherwise causing injury to any other vehicle or property," to leave the scene of the accident without "stopping and making known his name, residence, and the register number of his motor vehicle."  I write separately only to invite the Legislature to consider whether it should revise G. L. c. 90, § 24 (2) (a 1/2) (1) and (2), to eliminate the public way element in those provisions and harmonize them with § 24 (2) (a).

As the law stands now, if the operator of a motor vehicle drives onto someone's front yard and collides with a fence, the operator violates § 24 (2) (a) if he or she fails to stop and identify himself or herself.  But if the same operator drives onto someone's front yard and strikes a person, injuring or killing that person, the operator does not violate § 24 (2) (a 1/2) (1) or (2) if he or she leaves the scene without stopping to identify himself or herself, because each of these provisions includes the required element that the operation of the motor vehicle occur "upon any way or in any place to which the public has a right of access."  I can discern no rational basis for requiring that public way element where death or injury results

from the accident, but not requiring it where only property damage results from the accident. Nor can I discern any reason why the law would allow a driver who has injured or killed a person with his or her motor vehicle on private property to leave the scene of an accident without identifying himself or herself. The need for identification is the same regardless of whether the accident occurs on a public way or on private property.