NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12056


COMMONWEALTH  vs.  PIERCE A. MARTIN.



Norfolk.      September 7, 2016. - November 25, 2016.

Present:  Gants, C.J., Botsford, Lenk, Hines, Gaziano, Lowy, &
Budd, JJ.


Practice, Criminal, Costs, Fees and costs, Probation.


Complaint received and sworn to in the Quincy Division of
the District Court Department on October 19, 2010.

A motion to withdraw a guilty plea, filed on October 3,
2012, was heard by Mary Hogan Sullivan, J., and motions for the
return of seized property, filed on November 21, 2012, and July
22, 2013, were heard by Mark S. Coven, J.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Ilse Nehring for the defendant.
Susanne M. O'Neil, Assistant District Attorney, for the
Commonwealth.


HINES, J.  In October, 2011, the defendant, Pierce A.

Martin, pleaded guilty in the Quincy Division of the District

Court Department to possession of a class D substance (second

offense).  At sentencing, the plea judge imposed a one-year term

of probation and, as mandated by statute, the probation supervision fees (G. L. c. 276, § 87A) and the victim-witness assessment (G. L. c. 258B, § 8).  In October, 2012, after the revelation of misconduct at the William A. Hinton State Laboratory Institute (Hinton laboratory), a judge granted the defendant's unopposed motion to withdraw his guilty plea on the ground that Annie Dookhan,[1] the subsequently discredited analyst at the center of the misconduct allegations, performed the analysis of the substances seized during the defendant's arrest. See Commonwealth v. Scott, 467 Mass. 336 (2014).  The Commonwealth entered a nolle prosequi on the underlying complaint.  Thereafter, the defendant filed a motion for return of property, including probation supervision fees ($780) paid during the term of probation and the victim-witness assessment (fifty dollars), claiming a right to recoup these amounts where the conviction, in the defendant's view, was vacated on constitutional grounds.[2]  The judge denied the motion, and the defendant appealed.  We transferred the case from the Appeals Court on our own motion.  We conclude that there is no statutory

_____

[1] For a comprehensive description of Dookhan's indictment and guilty pleas, and the investigation of the Hinton laboratory, see Commonwealth v. Scott, 467 Mass. 336, 337-342 (2014).

[2] The defendant's motion also sought the return of cash ($109) seized during the arrest.  The judge allowed this aspect of the motion.

authority for the return of the probation supervision fees and the victim-witness assessment paid by the defendant.  Therefore, we affirm the denial of the defendant's motion for return of property.

Background.  We summarize the relevant facts from the record.  On October 18, 2010, Quincy police officers arrested the defendant following a motor vehicle stop.  Incident to the arrest, the police seized a large plastic bag containing seven smaller plastic bags filled with what appeared to be marijuana and $109 in United States currency.  The next day, a five-count complaint issued charging the defendant with possession of a class D substance (marijuana) with intent to distribute, subsequent offense, G. L. c. 94C, § 32C (b); commission of a drug offense in a school zone, G. L. c. 94C, § 32J; unlicensed operation of a motor vehicle, G. L. c. 90, § 10; failure to stop, G. L. c. 98, § 9; and failure to wear a seatbelt, G. L. c. 90, § 13A.

On October 13, 2011, the defendant pleaded guilty to possession of a class D substance, subsequent offense.  In contemplation of a guilty plea, the Commonwealth dismissed the school zone violation and filed the remaining charges with the defendant's consent.  The plea judge imposed the defendant's recommended sentence:  a one-year supervised term of probation, with conditions requiring the defendant to abstain from drugs

and submit to random drug testing.  In addition, the judge imposed statutorily mandated fees including a one-time victim-witness assessment of fifty dollars, as well as a monthly probation supervision fee of sixty dollars and a monthly victim services surcharge of five dollars (collectively, probation fees).

On January 4, 2012, a violation of probation notice issued for the defendant.  On August 28, 2012, the defendant waived his right to a probation hearing and stipulated to the violation for failing to comply with probation conditions including drug testing, payment of the monthly probation fees, and reporting to his probation officer.[3]  The plea judge extended the defendant's probation for one year on the same terms, and imposed office of community corrections "Level III" supervision with global positioning system monitoring for ninety days.

On October 31, 2012, a judge allowed the defendant's unopposed motion to withdraw his guilty plea based on Dookhan's involvement as the analyst of the substance seized from the defendant during his arrest.  The Commonwealth entered a nolle prosequi for the underlying complaint "in the interest of justice in light of the ongoing criminal investigation into the mishandling of evidence at the [Hinton laboratory]," while

---

[3] The defendant concedes that he was absent from supervised probation for eight and one-half months.

maintaining the existence of sufficient evidence to prosecute the complaint.

On July 22, 2013, the defendant filed a motion for return of property, seeking the return of the probation fees and the victim-witness assessment paid during his probation.[4]  After a hearing, the judge denied the motion.

Discussion.  The defendant argues that the language of G. L. c. 258B, § 8 (§ 8), requires the return of the victim-witness assessment where the underlying conviction is vacated through postconviction relief.  Specifically, he argues that he is entitled to recoup the payment of probation fees assessed pursuant to G. L. c. 276, § 87A (§ 87A), on the ground that his conviction is "void" and that equity requires the relief he seeks.  He also claims that the probation fees are an impermissible fine or penalty where the underlying conviction is vacated.  We address these arguments in turn, both of which lack merit.

1. Victim-witness assessment.  The defendant argues that the language in § 8 requiring the return of the victim-witness assessment where a conviction is "overturned on appeal" also applies to this case where the conviction was vacated as a

_____

[4] The defendant was ordered to pay the victim-witness assessment for both his initial probationary term and his extended term of probation.

consequence of the judge's order granting the defendant's motion to withdraw his guilty plea. We disagree.

The issue is one of statutory interpretation. "We review questions of statutory interpretation de novo." Chin v. Merriot, 470 Mass. 527, 531 (2015), citing Sheehan v. Weaver, 467 Mass. 734, 737 (2014). "[T]he meaning of a statute must, in the first instance, be sought in language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." Commonwealth v. Dalton, 467 Mass. 555, 557 (2014), quoting Commonwealth v. Boe, 456 Mass. 337, 347 (2010). "We are obliged to discern and give effect to the intent of the Legislature." Wing v. Commissioner of Probation, 473 Mass. 368, 373 (2015), citing Oxford v. Oxford Water Co., 391 Mass. 581, 587-588 (1984).

Thus, we begin the analysis with the language of the statute:

> "The court shall impose an assessment of [fifty dollars] against any person who has attained the age of seventeen and who is convicted of a misdemeanor or against whom a finding of sufficient facts for a conviction is made on a complaint charging a misdemeanor. . . . The assessment from any conviction or adjudication of delinquency which is subsequently overturned on appeal shall be refunded by the court to the person whose conviction or adjudication of delinquency is overturned" (emphasis added).

G. L. c. 258B, § 8. The plain language of § 8 demonstrates that the disposition in this case, the withdrawal of a guilty plea

followed by an order vacating the conviction, does not constitute a conviction that was "overturned on appeal." See Dalton, 467 Mass. at 557. Here, the defendant did not appeal from his conviction; rather, his conviction was vacated after a judge of the District Court granted postconviction relief through Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), and the Commonwealth subsequently entered a nolle prosequi. That procedural difference is dispositive here. The plain language of § 8 specifically limits persons entitled to a refund to those whose conviction or adjudication of delinquency was overturned on appeal. G. L. c. 258B, § 8. See Commonwealth v. Chamberlin, 473 Mass. 653, 660 (2016).

The Legislature clearly intended to provide a refund for the § 8 assessment to a narrow category of defendants because it used the specific phrase "overturned on appeal." If the Legislature had intended to expand the pool of eligible claimants to those whose convictions were overturned through postconviction relief under Mass. R. Crim. P. 30, or other types of judicial relief, it could have stated that intention expressly. See Chin, 470 Mass. at 532. Contrast G. L. c. 258D, § 1 (B) (ii) (eligible defendants include "those who have been granted judicial relief by a state court of competent jurisdiction"). Moreover, the phrase "overturned on appeal" has remained unchanged in the statute despite the fact that the

Legislature has amended § 8 eight times since it was enacted in 1983. See St. 1983, c. 694, § 2; St. 1985, c. 794, § 9; St. 1989, c. 362, § 1; St. 1990, c. 150, § 341A; St. 1991, c. 138, §§ 209, 210; St. 1994, c. 60, §§ 169-171; St. 1996, c. 151, §§ 485, 486; St. 2002, c. 184, §§ 125-128; St. 2014, c. 260, §§ 20-22.

The defendant's reliance on Commonwealth v. Zawatsky, 41 Mass. App. Ct. 392 (1996), to support his argument that he is entitled to recoup the victim-witness assessment because the conviction to which the assessment applied is void is misplaced. In Zawatsky, supra at 397, 400-401, the Appeals Court set aside $600 in victim-witness assessments, which were attributed to specific convictions, where those convictions were vacated as void because the District Court lacked subject matter jurisdiction. The court determined that those assessments could not stand where the supporting convictions were void. Id. at 400-401.

Here, although the defendant's guilty plea was vacated, the District Court had proper subject matter jurisdiction. The defendant's conviction was merely voidable, not void ab initio, as the defendant suggests. See Lewis v. Commonwealth, 329 Mass. 445, 448 (1952) (erroneous original sentence merely voidable, not void, until reversed, where court had proper jurisdiction). "'A void judgment is one which, from its inception, was a

complete nullity and without legal effect.' . . . To be void, a judgment must issue from a court that 'lacked jurisdiction over the parties, lacked jurisdiction over the subject matter, or failed to provide due process of law.'" McIntire, petitioner, 458 Mass. 257, 264 (2010), cert. denied, 563 U.S. 1012 (2011), quoting Harris v. Sannella, 400 Mass. 392, 395 (1987).

Therefore, we conclude that the plain language of § 8 does not provide a statutory basis for the refund of the victim-witness assessment to the defendant. See Chamberlin, 473 Mass. at 660.

2. Probation fees. The defendant argues that because his conviction is void, equitable principles and fundamental fairness require the return of the probation fees. As discussed above, the defendant's conviction was not void; the judge merely vacated the conviction to allow for a new trial, and the Commonwealth declined to further prosecute the matter. See McIntire, petitioner, 458 Mass. at 264; Lewis, 329 Mass. at 448. The defendant's argument that equity requires the return of his probation fees is unavailing.

Significantly, the defendant does not point to, nor did we find, a statutory basis for the defendant to recoup his probation fees. Compare G. L. c. 276, § 87A, with G. L. c. 258B, § 8. The statute is silent as to a defendant's entitlement to the return of probation fees after a conviction

is vacated.  G. L. c. 276, § 87A.  "We will not 'read into the statute a provision which the Legislature did not see fit to put there.'"  Chin, 470 Mass. at 537, quoting Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006).

We next address the defendant's assertion that the statutory probation fees he paid were in fact impermissible financial penalties or fines.  See G. L. c. 280, § 6 (prohibition on costs imposed as penalty for crime).  Section 87A provides, in pertinent part:

> "The court shall assess upon every person placed on supervised probation . . . a monthly probation supervision fee . . . in the amount of [sixty dollars] per month.  Said person shall pay said probation fee once each month during such time as said person remains on administrative supervised probation. . . .  The court shall also assess upon every person placed on supervised probation . . . a monthly probationer's victim services surcharge . . . in the amount of [five dollars] per month.  Said person shall pay said victim services surcharge once each month during such time as said person remains on supervised probation."

G. L. c. 276, § 87A.  The statute also provides for the waiver of probation fees where the court "has determined, after a hearing and upon written finding, that such payment would constitute an undue hardship on said person or his [or her] family due to limited income, employment status[,] or any other factor."  Id.

The plain language of the statute specifically refers to the monthly payments as "fees," rather than fines.  Fees "are

charged in exchange for a particular governmental service which benefits the party paying the fee in a manner 'not shared by other members of society,' . . . and the charges [that] are collected . . . [are] to compensate the governmental entity providing the services for its expenses." Emerson College v. Boston, 391 Mass. 415, 424-425 (1984).  In contrast, "[a] fine is a pecuniary imposition by way of punishment upon one who has been convicted of [a] crime." Commonwealth v. Hersey, 324 Mass. 196, 206 (1949).

> "[I]t can fairly be said that the intent of § 87A is to defray the costs associated with the provision of services to probationers, as an alternative to imprisonment.  The fees are assessed on all persons placed on supervised probation, irrespective of the nature or severity of their offenses, suggesting a nonpunitive, regulatory purpose" (footnote omitted).

Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 620 (2011) (Doe No. 10800).

Doe No. 10800 is instructive in addressing the defendant's argument that the probation fees operate as punitive fines in his circumstances.  In that case, the plaintiff claimed that a statutory "increase in his probation fees constitute[d] an enhancement of his punishment, and, as such, violate[d] the ex post facto clauses of the Federal and State Constitutions." Id. at 617.  In concluding that the statutory increase of probation fees during the plaintiff's probationary term did not violate either the Federal or State ex post facto clause, we explained

that the § 87A probation fees had a regulatory rather than punitive purpose. See id. at 619. "The fees under § 87A are a component of probation, the primary goals of which are rehabilitation of a defendant and protection of the public; the fees themselves suggest more of civil than a criminal orientation." Id., citing Commonwealth v. Goodwin, 458 Mass. 11, 15 (2010). Moreover, we noted that "the language of § 87A provides that the probation fees may be waived by the court on a showing that their payment would constitute an undue hardship, further suggesting that the fees are not intended to be a criminal penalty." Doe No. 10800, supra at 619-620. Based on the plain language of the statute and legislative intent, we conclude that § 87A probation fees are nonpunitive regulatory fees, rather than punitive fines.[5]

Conclusion. For the reasons stated above we conclude that the plain language of G. L. c. 258B, § 8, does not provide the

---

[5] During oral argument, the defendant conceded that the probation fees were not fines or penalties. Instead, he appears to argue that he is entitled to recoup the fees assessed during the eight-month period of his unexcused absence from supervised probation and that those fees became punitive because he did not actually receive services during that period. Additionally, the defendant argues that the fees should be returned to him to prevent the Commonwealth's unjust enrichment. These arguments are without merit. We decline the defendant's invitation to fashion a remedy that would operate to entitle a defendant to recoup probation fees upon vacation of a conviction, on the basis of noncompliance with the terms of probation. Such a remedy goes against the goals of probation and would incentivize the rejection of rehabilitative services.

statutory basis for a refund of the victim-witness assessments for convictions that are vacated after the withdrawal of a guilty plea.  Similarly, we conclude that G. L. c. 276, § 87A, does not provide the statutory basis for the return of probation fees where a defendant's conviction is subsequently vacated. Therefore, we affirm the District Court judgment.

So ordered.