The procedural history of this case is recounted in our decision in the related case of Commonwealth v. Bertini, 89 Mass. App. Ct. 1104 (2016) ( Bertini I ). The defendant pleaded guilty to a one-count complaint charging escape in violation of G. L. c. 268, § 16 (statute). He subsequently filed a motion for a new trial "asserting that he was unlawfully convicted because the conduct underlying the charge did not constitute a crime under the statute. ... The Commonwealth did not oppose the defendant's motion, which was allowed by the judge at the hearing without any discussion of its merits. Thereafter, at the judge's suggestion, the Commonwealth filed a nolle prosequi." Bertini I.
About four weeks later, the judge sua sponte entered an order on October 31, 2014, vacating her prior ruling and purporting to reinstate the defendant's conviction on the ground that she had mistakenly believed that the charge did not constitute a crime under the statute. On appeal by the defendant, we reversed that order because "the judge had no authority to reinstate the defendant's conviction after the Commonwealth had filed a nolle prosequi.... The filing of the nolle prosequi effectively terminated the criminal case." Ibid.
Following our decision, the defendant filed a motion for the return of the victim witness assessment, probation violation fee, and restitution. In an order dated May 2, 2016, the judge denied the motion, stating, "[t]he defendant has moved the Court to order that restitution, probation supervision fees, and a victim witness fee be returned to him because he alleges they were wrongfully ordered. The defendant has offered no legal authority that would allow the Court to issue such an Order. The defendant has not offered any evidence to suggest that he was factually innocent of the crime and thus his case does not fall under the purview of either M.G.L. c. 258D or C. 277 s. 73 and thus his motion is Denied." The defendant filed this appeal. The Commonwealth has declined to file a brief in this case and has raised no objection to reversal of the judge's May 2, 2016, order.
This case is controlled by Commonwealth v. Martin, 476 Mass. 72, 74-78 (2016), which was decided subsequent to the judge issuing her order, and of which the judge, therefore, of course did not have the benefit. In Martin, the court explained that although the reference in G. L. c. 258B, § 8, to refunds of victim witness assessments for convictions "overturned on appeal" means that in the ordinary case a refund is not available when a conviction is vacated as a result of an order granting postconviction relief, the victim witness assessment should be returned in circumstances where the trial court lacked subject matter jurisdiction such that the conviction was void ab initio, rather than merely voidable. See id. at 75-76 (distinguishing Commonwealth v. Zawatsky, 41 Mass. App. Ct. 392 [1996] ). The argument, that "the complaint fails to state a crime[,] raises an issue of subject matter jurisdiction." Commonwealth v. Hardin, 476 Mass. 1011, 1012 (2016). Although she subsequently changed her mind, the judge originally allowed the defendant's motion for postconviction relief on the ground that the facts alleged were not a crime under the statute at the time they took place. This is confirmed by her October 31, 2014, order that attempted to reinstate the conviction. Postconviction relief therefore was based on a lack of subject matter jurisdiction.
In terms of the analysis in Martin, the judge here ruled that the defendant's conviction was void, rather than voidable. As we explained in Bertini I, the nolle prosequi, entered on the same date as the allowance of the defendant's motion for postconviction relief, "terminated the criminal case." The judge's order granting postconviction relief, therefore, was neither challenged on appeal nor subject to revision by the judge, as we previously held in Bertini I. Thus, the judge's finding of a lack of subject matter jurisdiction is the "law of the case," and governs all further proceedings. See Arizona v. California, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in the same case"). Consequently, we treat the defendant's conviction, consistent with the last order prior to the termination of criminal proceedings, as void for lack of subject matter jurisdiction. Under the analysis in Martin, the victim witness fee therefore must be returned.
Because the Supreme Judicial Court concluded that the conviction in Martin was merely voidable, it did not squarely address the defendant's contention there that he was entitled to a return of probation fees because his conviction was void. Nonetheless, we think the reasoning of Martin requires a conclusion that, in the case of a conviction vacated because it is void ab initio, probation fees that have been assessed must be returned. Finally, we reach the same conclusion with respect to the restitution that has been ordered paid to the Commonwealth. If a conviction is void ab initio, there is no basis for the imposition of an order of restitution and, under the reasoning of Martin, any restitution paid to the Commonwealth or its political subdivision, the Essex County sheriff's department, must be refunded.
Order dated May 2, 2016, reversed.