NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12442

COMMONWEALTH  vs.  JOSE NASCIMENTO.


Suffolk.      February 6, 2018. - June 5, 2018.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.


Motor Vehicle, Operating under the influence, License to
      operate.  Practice, Criminal, Dismissal.



Complaint received and sworn to in the East Boston Division
of the Boston Municipal Court Department on February 18, 2016.

A motion to dismiss was heard by John E. McDonald, Jr., J.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Helle Sachse, Assistant District Attorney (James J. Megee,
Assistant District Attorney, also present) for the Commonwealth.
Shannon Dale, Committee for Public Counsel Services, for
the defendant.


BUDD, J.  General Laws c. 90, § 23, third par. (§ 23, third

par.), provides for a mandatory minimum sentence of sixty days

in a house of correction on a conviction of operating a motor

vehicle after the suspension or revocation of an individual's

driver's license for operating while under the influence of alcohol or controlled substances (OUI).  Here we are asked to determine whether the defendant, Jose Nascimento, who operated a motor vehicle after his license was administratively suspended pursuant to G. L. c. 90, § 24 (1) (f) (2),[1] was properly charged under § 23, third par.  The defendant filed a motion to dismiss the charge in the Boston Municipal Court, which the judge allowed.  Because § 24 (1) (f) (2) is not one of the provisions enumerated in § 23, third par., we conclude that the defendant was not properly charged under that statute.  Accordingly, we affirm the judge's order allowing in part the motion to dismiss.

Background.  The pertinent facts, taken from the record, are undisputed.  On January 24, 2016, a State police trooper stopped the defendant's vehicle after observing him commit several marked lane violations.  Several other troopers arrived to assist.  During the stop, the defendant was exhibiting signs of possible intoxication, including glassy or bloodshot eyes and slurred speech.  A number of field sobriety tests were conducted, which indicated that the defendant was intoxicated. A breathalyzer test also was administered, which measured the defendant's alcohol level at 0.132 per cent.  The defendant was

---

[1] General Laws c. 90, § 24 (1) (f) (2), allows police to confiscate immediately the license of an individual who has failed a breathalyzer test.

arrested and transported to the State police barracks, where he submitted to a blood alcohol test that registered his alcohol level to be 0.13 per cent.  The defendant was given a citation and, pursuant to § 24 (1) (f) (2), his license was revoked and his right to operate a motor vehicle was administratively suspended for thirty days.  The defendant was then arraigned for, among other things, OUI, in violation of G. L. c. 90, § 24 (1) (a).

While the defendant's charges were pending, on February 17, 2016, a State police trooper performed a computer query on a motor vehicle that had passed him.  He learned that the vehicle was registered to the defendant and that the defendant's license had been suspended for OUI.  When the trooper stopped the vehicle, he recognized the driver from a photograph provided by the registry of motor vehicles.  When the trooper asked the defendant for his license and registration, the defendant admitted that his license had been suspended.  The defendant was arrested and charged with operating a motor vehicle after license suspension for OUI, in violation of § 23, third par.

The defendant moved to dismiss the charge of operating after a suspension for OUI.  Concluding that § 23, third par., did not apply to the defendant, the judge granted the motion in part and dismissed the OUI portion of the charge, leaving the defendant charged with operating after a suspension.

The Commonwealth appealed, and we transferred the case from the Appeals Court on our own motion.

Discussion.  We interpret the meaning of the statute under which the defendant was charged de novo.  Commonwealth v. Martin, 476 Mass. 72, 75 (2016).  Section 23, third par., provides in relevant part:

> "Any person convicted of operating a motor vehicle after his license to operate has been suspended or revoked pursuant to a violation of [§ 24 (1) (a)[2]], or pursuant to

---

[2] General Laws c. 90, § 24 (1) (a) (1), states in pertinent part:  "Whoever, upon any way . . . operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor . . . shall be punished . . . ."

[§ 24D[3]], [24E[4]], [24G[5]], [24L[6]], or [24N[7]] of this chapter, . . . or after notice of such suspension or revocation of his right to operate a motor vehicle without a license has been issued and received by such person . . . and prior to the restoration of such license . . . shall be punished

---

[3] General Laws c. 90, § 24D, states in pertinent part:  "Any person convicted of or charged with operating a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor . . . may . . . be placed on probation for not more than two years and shall . . . be assigned to a driver alcohol education program . . . , and such person's license or right to operate shall be suspended . . . ."

[4] General Laws c. 90, § 24E, states in pertinent part: "Where a person has been charged with operating a motor vehicle under the influence of intoxicating liquor, and where the case has been continued without a finding and such person has been placed on probation . . . a hearing shall be held by the court . . . to determine whether dismissal of the charge is warranted."

[5] General Laws c. 90, § 24G, states in pertinent part: "Whoever . . . operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor, . . . and so operates a motor vehicle recklessly or negligently so that . . . [he] causes the death of another person, shall be guilty of homicide by a motor vehicle . . . ."

[6] General Laws c. 90, § 24L, states in pertinent part: "Whoever . . . operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor, . . . and so operates a motor vehicle recklessly or negligently so that the lives or safety of the public might be endangered, and by any such operation so described causes serious bodily injury, shall be punished by imprisonment . . . ."

[7] General Laws c. 90, § 24N, states in pertinent part: "Upon the issuance of a complaint alleging a violation of [§ 24 (1) (a)] . . . the judge . . . shall, upon the failure of any police officer to suspend or take custody of the driver[']s license . . . of any such defendant . . . immediately suspend the defendant's license or right to operate a motor vehicle . . . ."

> . . . by imprisonment . . . for not less than sixty days . . . ."

Thus, the statute mandates a minimum sixty-day sentence upon a conviction of operating with a suspended license where one's license had been suspended under any one of the enumerated provisions.

Section 23 clearly enumerates the provisions that trigger the mandatory minimum sentence. See Commonwealth v. LeBlanc, 475 Mass. 820, 821 (2016) ("Clear and unambiguous language is conclusive as to legislative intent"). Here, the defendant's license was suspended pursuant to § 24 (1) (f) (2), which is not enumerated in § 23, third par. There is no indication in the statutory language that we should add to the list provided. See Commonwealth v. McLeod, 437 Mass. 286, 294 (2002) ("We will not add words to a statute that the Legislature did not put there . . ."). Thus we reject the Commonwealth's contention that § 24 (1) (f) (2) is merely an administrative mechanism permitting police to suspend a license upon a violation of § 24 (1) (a), and that therefore § 23, third par., should be read to include § 24 (1) (f) (2).

We also disagree with the Commonwealth that the provisions of G. L. c. 90, § 24N, which permit a judge to suspend one's license upon the issuance of a complaint alleging OUI in violation of G. L. c. 90, § 24 (1) (a) (1), support its

argument.  There is a significant difference between

§ 24 (1) (f) (2), which permits police to suspend a license in

the field immediately upon the failure of a breathalyzer test

and § 24N, where confiscation occurs after a court proceeding.

Under the former, a defendant's license is summarily confiscated

upon a determination made by the officer or officers who stop

him or her, whereas "[u]nder § 24N a judge makes the

determination of intoxication in open court on the basis of an

objective chemical analysis supported by substantial

documentation."  Commonwealth v. Crowell, 403 Mass. 381, 385

(1988).  The process under § 24N affords a defendant more

protections and provides him or her with the opportunity to

refute evidence brought before an impartial decision maker.

Significantly, insofar as relevant here, the enumerated

provisions in § 23, third par., clearly afford defendants the

right to a court proceeding.  See notes 2-7, supra.  It is

therefore eminently reasonable for the Legislature to have

decided to treat defendants charged with driving with a

suspended or revoked license differently depending upon whether

the license was suspended by police under the field confiscation

provision of § 24 (1) (f) (2), or by a judge under the in-court

suspension provision of § 24N.

Finally, our interpretation of § 23, third par., is

supported by its legislative history.  Section 23 has been

amended numerous times. See, e.g., St. 2006, c. 119, § 1; St. 2005, c. 122, § 2; St. 1994, c. 318, § 2. Thus the Legislature has had the opportunity to include § 24 (1) (f) (2) in § 23, and chose not to do so. "The Legislature's silence on [a] subject cannot be ignored." Roberts v. Enterprise Rent-A-Car Co. of Boston, 438 Mass. 187, 193 (2002).

Conclusion. For the reasons stated above, the part of the complaint charging the defendant with operating a motor vehicle after his license had been administratively suspended for OUI was properly dismissed.

So ordered.