SUSAN J. WRIGHT *vs.* COLLECTOR AND TREASURER OF
ARLINGTON.

Middlesex. January 12, 1996. - April 16, 1996.

Present: LIACOS, C.J., LYNCH, O'CONNOR, & FRIED, JJ.

*Taxation,* Excise, Interest and penalties. *Motor Vehicle,* License to operate.
*Municipal Corporations,* Collector of taxes. *Statute,* Construction.

A Superior Court judge correctly declared that a local tax collector could
not collect the fees set forth in G. L. c. 60, § 15, for issuance or notice
of a warrant to collect delinquent taxes where the warrant had not in
fact been issued in accordance with the mandates of G. L. c. 60A,
§ 2A; further the judge correctly declared that, until a warrant has been
issued and served on a delinquent taxpayer, notification to the registrar
of motor vehicles of nonpayment is premature and a "nonrenewal fee"
may not be collected. [457-458]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 16, 1992.

The case was heard by *Barbara A. Lenk*, J., on motions for
summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*John F. Maher* for the defendant.

*Stanley N. Wallerstein* for the plaintiff.

*Scott Harshbarger*, Attorney General, & *Harry M. Gross-
man & Bruce H. Stanford*, Special Assistant Attorneys Gen-
eral, for the Department of Revenue, amicus curiae, submit-
ted a brief.

LYNCH, J. This is an appeal by the defendant, the collector
and treasurer of Arlington, from the allowance of partial
summary judgment in favor of the plaintiff, Susan J. Wright.
The complaint sought a declaration that the defendant
violated the provisions of G. L. c. 60A, § 2A (1994 ed.), and
the plaintiff's due process and equal protection rights in at-
tempting to collect an excise levied against her. The judge

granted partial summary judgment for the plaintiff, ruling that the defendant had not complied with the statute. We transferred the case here on our own motion and now affirm.

We briefly summarize the facts. On August 14, 1992, the defendant mailed to the plaintiff an excise bill in the amount of five dollars. After the plaintiff failed to pay the bill, the defendant mailed to her a "demand for payment" and added a five-dollar demand fee. The plaintiff again failed to pay the bill and on October 7, 1992, the defendant mailed to the plaintiff a "notice of warrant" and charged the plaintiff an additional five-dollar warrant fee, a nine-dollar notice of warrant fee, and five cents in interest. No warrant was ever issued or served on the plaintiff. Approximately two months later, the defendant mailed to the plaintiff a notice which indicated that the registry of motor vehicles would not renew her registration and license unless all monies owed were paid and added a "nonrenewal" fee of twenty dollars to the plaintiff's bill.

General Laws c. 60A, § 2A, sets forth the procedures for collection of delinquent tax payments and the conditions under which a tax collection authority may notify the registry of motor vehicles ιo mark a license for nonrenewal. The statute provides in pertinent part:

> "If an excise . . . remains unpaid for fourteen days after a demand therefor made more than one day after such excise becomes due and payable, and if the local tax collector or commissioner of revenue elects to utilize the services of a deputy collector, then said deputy collector or the local tax collector or commissioner of revenue, as the case may be, *shall* send a notice of warrant to the delinquent taxpayer. In the event that the delinquent taxpayer does not respond within thirty days to said notice of warrant then a service warrant *shall be made*. If the tax remains unpaid after the service of warrant then the deputy collector may . . . return the uncollected warrants . . . to the local tax collector . . . ." (Emphasis added.)

The judge ruled that G. L. c. 60, § 15 (1994 ed.), allows the

collecting authority to charge additional fees at each step of the collection process as follows:

"1. For interest, as provided by law;

"2. For each written demand provided by law, five dollars;

"...

"9. For the issuance and delivery of a warrant to an officer, five dollars;

"10. For notice by mail or other means to the delinquent that a warrant to collect has been issued, nine dollars;

"11. For exhibiting a warrant to collect or delivering a copy thereof to the delinquent . . . , fourteen dollars."

General Laws c. 60A, § 2A, also provides for subsequent notification to the registry of motor vehicles to mark the license and registration of the delinquent taxpayer:

"The local tax collector, the commissioner of revenue, or their designee, as the case may be, may at any time and from time to time . . . transmit to the registrar of motor vehicles . . . notice of *such nonpayment . . .*" (emphasis supplied).

The judge declared that the defendant may not collect additional fees for a warrant he never issued, nor for mailing a notice that stated incorrectly that a warrant had issued. She further declared that, because the notification to the registrar was premature, the nonrenewal fee could not be added to the plaintiff's tax bill. We agree. Until a warrant has been served there has not been "such nonpayment" as the statute requires.

"[W]e need not look beyond the words of the statute where the language is plain and unambiguous." *Leary* v. *Contributory Retirement Appeal Bd.*, 421 Mass. 344, 345 (1995), quoting *State Bd. of Retirement* v. *Boston Retirement Bd.*, 391 Mass. 92, 94 (1984). Of course, this meaning must be reason-

able and supported by the purpose and history of the statute. See *Sterilite Corp.* v. *Continental Casualty Co.*, 397 Mass. 837, 839 (1986). The plaintiff was assessed a "service of warrant" fee and a "notice of service of warrant" fee despite the fact that the warrant had never issued and she had never been served with it. The statute in plain language requires the issuance and service of a warrant. That the taxing authority had sufficient facts in its computer system to issue such a warrant does not justify assessing a fee for a warrant that was never issued or served. Furthermore the statute makes the issuance and service of a warrant a prerequisite to the notification to the registry of motor vehicles. Since the notice was premature, the defendant is not entitled to collect the twenty-dollar non-renewal fee.

*Judgment affirmed.*