NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12560

COMMONWEALTH  vs.  STANLEY WILLIAMS.

Hampden.     December 3, 2018. - April 9, 2019.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.


Evidence, Scientific test, Relevancy and materiality, Self-
defense. Self-Defense. Practice, Criminal, Postconviction
relief. Statute, Construction. Homicide.


Indictments found and returned in the Superior Court
Department on April 16, 2004.

A postconviction motion for forensic testing, filed on
April 10, 2018, was considered by Constance M. Sweeney, J.


Merritt Schnipper for the defendant.
David L. Sheppard-Brick, Assistant District Attorney, for
the Commonwealth.
Lisa M. Kavanaugh, Committee for Public Counsel Services,
Stephanie Roberts Hartung, Isaac N. Saidel-Goley, Sarah L.
Rosenbluth, Sara J. van Vliet, & Sharon L. Beckman, for New
England Innocence Project & others, amici curiae, submitted a
brief.


BUDD, J.  Enacted in 2012, see St. 2012, c. 38, G. L.

c. 278A (chapter 278A) allows those who have been convicted but

assert factual innocence to have access to forensic and scientific testing of evidence and biological material that has the potential to prove their innocence. G. L. c. 278A, § 2. Here, we address whether the defendant, who claims that no crime occurred, may make a prima facie case for a chapter 278A request, which, as relevant here, includes (1) asserting factual innocence, and (2) providing information demonstrating that the testing has the potential to result in evidence that is material to his identity as the perpetrator of the crime in the underlying case. G. L. c. 278A, § 3 (b) (4), (d). For the reasons discussed below, we conclude that he may.[1]

Statutory framework. As an initial matter, only a defendant who "asserts factual innocence of the crime for which [he or she] has been convicted" is eligible to request postconviction forensic testing pursuant to chapter 278A. G. L. c. 278A, § 2. Those eligible to request such testing must satisfy the statutory requirements set forth in chapter 278A, which consist of two procedural stages: a motion stage and, if the motion is allowed, a hearing stage. Commonwealth v. Wade, 467 Mass. 496, 501 (2014) (Wade II), S.C., 475 Mass. 54 (2016).

---

[1] We acknowledge the amicus brief submitted by the New England Innocence Project, the Boston College Innocence Program, the Committee for Public Counsel Services, and Dennis Maher.

First, pursuant to § 3, the individual seeking the analysis must present by way of motion "information demonstrating that the analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case," among other things.[2]  G. L.

---

[2] General Laws c. 278A, § 3 (b), requires that the movant provide the following:

"(1) the name and a description of the requested forensic or scientific analysis;

"(2) information demonstrating that the requested analysis is admissible as evidence in courts of the commonwealth;

"(3) a description of the evidence or biological material that the moving party seeks to have analyzed or tested, including its location and chain of custody if known;

"(4) information demonstrating that the analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case; and

"(5) information demonstrating that the evidence or biological material has not been subjected to the requested analysis because:

"(i) the requested analysis had not yet been developed at the time of the conviction;

"(ii) the results of the requested analysis were not admissible in the courts of the commonwealth at the time of the conviction;

"(iii) the moving party and the moving party's attorney were not aware of and did not have reason to be aware of the existence of the evidence or biological material at the time of the underlying case and conviction;

c. 278A, § 3 (b) (4). In addition, the movant must include an affidavit "stating that [he or she] is factually innocent of the offense of conviction and that the requested forensic or scientific analysis will support the claim of innocence." G. L. c. 278A, § 3 (d). If it chooses, the Commonwealth may provide a response "to assist the court" in determining whether the defendant's motion meets the preliminary statutory requirements. G. L. c. 278A, § 3 (e). However, the motion stage is "essentially nonadversarial." Wade II, 467 Mass. at 503.

If the court finds that the preliminary requirements at the motion stage have been satisfied and allows the motion, the parties proceed to the next step in the process, in which the Commonwealth must file a response that "include[s] any specific legal or factual objections that [it] has to the requested analysis." G. L. c. 278A, § 4 (c). The court then will hold an evidentiary hearing. G. L. c. 278A, § 6. At the hearing, the movant must establish by a preponderance of the evidence each of

---

"(iv) the moving party's attorney in the underlying case was aware at the time of the conviction of the existence of the evidence or biological material, the results of the requested analysis were admissible as evidence in courts of the commonwealth, a reasonably effective attorney would have sought the analysis and either the moving party's attorney failed to seek the analysis or the judge denied the request; or

"(v) the evidence or biological material was otherwise unavailable at the time of the conviction."

the factors enumerated in G. L. c. 278A, § 7 (b), including that "the requested analysis has the potential to result in evidence that is material to [his or her] identification as the perpetrator of the crime."[3]  See G. L. c. 278A, §§ 3 (e), 6, 7 (b) (4).  If such a showing is made, the court shall allow the requested forensic or scientific analysis, the results of which may be used to support a motion for a new trial.  See G. L. c. 278A, § 7 (b); Wade II, 467 Mass. at 505.

---

[3] The defendant must demonstrate by a preponderance of the evidence:

"(1) that the evidence or biological material exists;

"(2) that the evidence or biological material has been subject to a chain of custody that is sufficient to establish that it has not deteriorated, been substituted, tampered with, replaced, handled or altered such that the results of the requested analysis would lack any probative value;

"(3) that the evidence or biological material has not been subjected to the requested analysis for any of the reasons in [§ 3 (b) (5) (i)-(v)];

"(4) that the requested analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case;

"(5) that the purpose of the motion is not the obstruction of justice or delay; and

"(6) that the results of the particular type of analysis being requested have been found to be admissible in courts of the commonwealth."

G. L. c. 278A, § 7 (b).

Here, we are concerned with whether a defendant who alleges lawful self-defense (1) is eligible to move for chapter 278A testing in the first instance by asserting factual innocence as required by G. L. c. 278A, § 2; and (2) is able to provide "information demonstrating that the analysis has the potential to result in evidence that is material to [his or her] identification as the perpetrator of the crime in the underlying case" as required by G. L. c. 278A, § 3 (b) (4).

Background and prior proceedings. In 2004, the defendant was indicted for murder and unlawful possession of a firearm and ammunition. One year later, the defendant pleaded guilty to the lesser included offense of manslaughter, as well as the associated weapons charges, and received a sentence of from eighteen to twenty years in State prison.[4]

At the change of plea hearing, the Commonwealth presented the following facts. The defendant and the victim approached one another and engaged in a loud verbal argument, and then a physical altercation ensued. A witness observed the victim appear to reach for his waistband. The defendant then took a firearm and shot the victim, causing the victim to fall to the

---

[4] The defendant also received a sentence of from three to five years in State prison on the weapons charges, to be served concurrently with the sentence on the manslaughter charge.

ground.  The defendant shot again.  He ran away for a short period of time, but he returned, fired again, and then fled.

Although the defendant agreed to the Commonwealth's recitation of the facts during his change of plea colloquy, he now disputes those facts and asserts his innocence, claiming that he acted in self-defense.  He alleged in the affidavit accompanying his chapter 278A motion that he grabbed the victim's wrist when the victim pulled out a gun, and pushed against the victim, at which time he heard two gunshots in close succession.  The defendant further alleged that he did not take the gun with him when he fled, and that he did not return to shoot the victim again.[5]

The defendant filed two chapter 278A motions in 2013 and 2016; both were denied.[6]  In 2018, the defendant filed his third chapter 278A motion, requesting that clothing recovered from the victim be tested for traces of gunshot residue and that shell casings recovered at the crime scene be tested for fingerprints.

---

[5] Pursuant to G. L. c. 278A, § 3 (d), a judge is precluded from using a moving party's guilty plea in the underlying case or any incriminating statements made by the movant in finding that identity was not or could not have been a material issue in the underlying case.

[6] The defendant filed these motions pro se and subsequently appealed from the orders denying them.  The denial of the 2013 motion was affirmed.  See Commonwealth v. Williams, 86 Mass. App. Ct. 1121 (2014).  The appeal from the denial of the 2016 motion was stayed at the defendant's request.

The defendant claimed that forensic testing of this evidence would show that the weapon belonged to the victim and that the defendant shot the victim in self-defense.

The Commonwealth filed a response asserting that the defendant was not eligible to request relief pursuant to G. L. c. 278A, § 2, and that the requested analysis did not meet the requirement of G. L. c. 278A, § 3 (b) (4).  In a margin endorsement, the motion judge denied the defendant's motion "for the reasons set forth in the Commonwealth's opposition."  The defendant appealed, and we granted his application for direct appellate review.

Discussion.  The defendant argues that the judge erred in denying his chapter 278A motion because (1) the defendant properly asserted his factual innocence and (2) the requested testing has the potential to result in evidence that is material to his identification as the perpetrator of the crime.  See G. L. c. 278A, §§ 2, 3 (b) (4), (d).  We review the defendant's claims on a de novo basis.  See Commonwealth v. Martin, 476 Mass. 72, 75 (2016) (questions of statutory interpretation are reviewed de novo).

As an initial matter we note that, as is the case with all statutes, chapter 278A must be interpreted "according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language,

considered in connection with the cause of its enactment, the
mischief or imperfection to be remedied and the main object to
be accomplished" (citation omitted).  Commonwealth v. Millican,
449 Mass. 298, 300 (2007).  We have previously recognized that
the Legislature's stated purpose in enacting G. L. c. 278A was
"to remedy the injustice of wrongful convictions of factually
innocent persons by allowing access to analyses of biological
material with newer forensic and scientific techniques . . .
[to] provide a more reliable basis for establishing a factually
correct verdict than the evidence available at the time of the
original conviction."  Wade II, 467 Mass. at 504, quoting 2011
Senate Doc. No. 753 and 2011 House Doc. No. 2165.  "The
Legislature intended G. L. c. 278A to make postconviction
forensic testing easier and faster than it had been for
defendants who sought such testing in conjunction with motions
for new trials pursuant to Mass. R. Crim. P. 30, as appearing in
435 Mass. 1501 (2001)."[7]  Commonwealth v. Moffat, 478 Mass. 292,
301 (2017).

---

[7] "A motion for a new trial [pursuant to Mass. R. Crim. P.
30 (b), as appearing in 435 Mass. 1501 (2001),] is discretionary
and may be denied without a hearing, and a defendant is not
entitled to obtain scientific testing of evidence unless he
makes a prima facie showing that the test results would warrant
a new trial" (quotation and citation omitted).  Commonwealth v.
Wade, 467 Mass. 496, 505 (2014), S.C., 475 Mass. 54 (2016).

As mentioned supra, "the threshold determination to be made at the preliminary stage, pursuant to G. L. c. 278A, § 3, . . . is essentially nonadversarial," Wade II, 467 Mass. at 503; the Commonwealth may, but need not, provide an initial response. G. L. c. 278A, § 3 (e).  And although the motion judge makes a preliminary determination as to whether a defendant has included all the information required by § 3 based on a review of the motion and the supporting documentation, it is not until the hearing stage that the defendant must prove the assertions that he or she makes in that motion.  See Wade II, supra at 503-504, quoting G. L. c. 278A, § 3 (c).  At the motion stage, "[t]he judge does not 'make credibility determinations, or . . . consider the relative weight of the evidence or the strength of the case presented against the [defendant] at trial.'"  Moffat, 478 Mass. at 296, quoting Wade II, supra at 505-506.  In other words, at the motion stage, the movant's burden is low.  See Commonwealth v. Clark, 472 Mass. 120, 124-125 (2015).

With these factors in mind, we begin with the plain language of the provisions at issue.  See Commonwealth v. LeBlanc, 475 Mass. 820, 821 (2016).

1.  Eligibility requirement.  Chapter 278A makes the assertion of factual innocence both a threshold requirement for seeking postconviction forensic testing, G. L. c. 278A, § 2, and an element of the prima facie case a movant must make before a

court will order an evidentiary hearing to determine whether to allow such testing, G. L. c. 278A, § 3 (d).

The chapter defines "factually innocent" as "a person convicted of a criminal offense who did not commit that offense."  G. L. c. 278A, § 1.  The Commonwealth contends that the defendant's claim of self-defense is essentially a claim of legal innocence but not factual innocence.  The defendant argues that because he alleges facts demonstrating that he was convicted based on acts taken in lawful self-defense, he properly may assert his factual innocence of manslaughter, the crime of which he was convicted.  We agree with the defendant.

"By employing the phrase 'factually innocent' in G. L. c. 278A, § 3 (d), the Legislature clearly intended to require a moving party to assert that the party did not commit the offense of which the party was convicted; an assertion of legal innocence, such as a belief in an entitlement to a reversal based on insufficient evidence or a procedural fault, would not meet the plain terms of the statute."  Wade II, 467 Mass. at 515.  The Commonwealth reasons that because the defendant does not deny having committed the act of homicide, he may be legally innocent, but cannot claim factual innocence.  This position is both contrary to our self-defense jurisprudence and a misreading of chapter 278A.

First, "we have long recognized that self-defense negates the element of 'unlawfulness.'" Commonwealth v. Rodriguez, 370 Mass. 684, 688 (1976). See Commonwealth v. Webster, 5 Cush. 295, 303 (1850) ("Homicide may be lawful or unlawful . . . . It may also be justifiable, and of course lawful, in necessary self-defence"). Our jurisprudence has considered self-defense a factual issue, as it is directly correlated with the underlying facts of the case and whether the defendant acted justifiably under the circumstances. See Commonwealth v. Glacken, 451 Mass. 163, 166-167 (2008). When a defendant asserts that he or she acted in self-defense, the trier of fact must consider whether the defendant had "a reasonable ground to believe" that he or she "was in imminent danger of death or serious bodily harm," from which the only way to save him- or herself was by using deadly force; whether, after availing him- or herself "of all proper means to avoid physical combat," resort to deadly force was necessary; and whether the amount of force used by the defendant "was reasonably necessary in all the circumstances of the case." Id. at 167.

Importantly, a claim of self-defense in a homicide case is not related to a flaw in the proceedings or a failure on the part of the Commonwealth to prove the crime charged beyond a reasonable doubt. Nor is it a mere procedural maneuver to avoid a guilty finding. Rather, a claim of self-defense is a claim

that the homicide was justified and, here, for purposes of chapter 278A, it is a claim that the movant is factually innocent of manslaughter.

Second, chapter 278A requires the movant to "assert[] factual innocence of the crime for which the person has been convicted" (emphasis added).  G. L. c. 278A, § 2.  Thus, the defendant need not allege that he did not shoot the victim; he need only assert that, because he acted in self-defense, he did not commit manslaughter, the crime of which he was convicted.  This assertion meets the "factual innocence" requirement.[8]

Accordingly, if a defendant asserts in the affidavit accompanying his or her chapter 278A motion that he or she was convicted based on acts that do not constitute a crime, the defendant has satisfied the threshold eligibility requirement set forth in chapter 278A.  See G. L. c. 278A, § 2.

2.  Section 3 (b) (4) requirement.  At the motion stage of chapter 278A, the movant must include in his or her motion "information demonstrating that the [requested] analysis has the potential to result in evidence that is material to the moving

---

[8] The defendant here asserts, as he must pursuant to G. L. c. 278A (chapter 278A), that he is factually innocent of manslaughter, and that the testing he seeks has the potential to fully exonerate him.  Our holding is thus limited to those cases in which the defendant alleges that no crime occurred (as compared to a case in which a defendant alleged that he or she committed a lesser included offense).

party's identification as the perpetrator of the crime in the underlying case."  G. L. c. 278A, § 3 (b) (4).

The Commonwealth claims that the defendant failed to meet this requirement, arguing that the identity of the perpetrator was not at issue because the fact that the defendant shot the victim is undisputed.  In contrast, the defendant claims that, as he alleges that no crime occurred, he was wrongly identified as "the perpetrator of the crime in the underlying case." Therefore, the defendant argues that he properly asserted that the testing has the potential to be material in proving this point.  Reading the provision in full, and in conjunction with the statute as a whole, we conclude that chapter 278A may be utilized by those defendants who assert that they are innocent because no crime occurred.

In the context of the statute, it is not "identity" broadly defined that is at issue; the concept has a particular meaning within chapter 278A.  "Identity" is specifically defined in the statute as "the moving party's identity as the perpetrator of the offense for which the moving party was convicted in the underlying case" (emphasis added).  G. L. c. 278A, § 1. Correspondingly, in G. L. c. 278A, § 3 (b) (4), the question of "the moving party's identification" is referenced in connection with "the perpetrator of the crime in the underlying case" (emphasis added).  Thus, rather than generally referring to the

person who took the action, "identification" refers to the person who perpetrated the crime in the underlying case.  Here, it is undisputed that the defendant was the actor; both sides agree that the defendant shot the victim.  However, the defendant denies having committed the crime in the underlying case, i.e., manslaughter, because he claims self-defense.

According to the Commonwealth, the use of "the" rather than "a" to modify "perpetrator" in the phrase "the perpetrator of the crime" in G. L. c. 278A, § 3 (b) (4), presupposes that "the crime" occurred, and the testing must be relevant to determining whether the defendant was "the perpetrator" of that crime.  That is, the definite article indicates that the Legislature meant to refer only to circumstances in which a crime was committed and the movant seeks forensic testing that will exclude him or her as the perpetrator (and will instead demonstrate the existence of a third-party culprit).  This interpretation is flawed in that it fails to take into account all of the words in the provision.  That is, it renders superfluous the phrase "the crime in the underlying case."  See Chin v. Merriot, 470 Mass. 527, 537 (2015) ("we 'give effect to all words of a statute, assuming none to be superfluous'" [citation omitted]).

Indeed, nothing in the plain language of G. L. c. 278A, § 3 (b) (4), indicates that the Legislature intended to limit requests under the chapter to cases in which the movant alleges

that someone else, i.e., a third-party culprit, committed the crime.[9]  "We do not read into the statute a provision which the Legislature did not see fit to put there, nor add words that the Legislature had an option to, but chose not to include."[10] Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006).

On a practical level, a defendant who claims that no crime occurred is in the same position as a defendant who claims that

_____

[9] Likewise, nothing in G. L. c. 278A, § 3, or in any other provision of chapter 278A suggests that those who claim that no crime occurred are barred from relief under the statute.  See Casseus v. Eastern Bus Co., 478 Mass. 786, 795 (2017) ("When the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute:  otherwise the different sections of the same statute might be so construed as to be repugnant, and the intention of the [L]egislature might be defeated" [citation omitted]).  Indeed, G. L. c. 278A, § 3 (d), requires simply that a movant provide an affidavit accompanying his or her chapter 278A motion that states that the requested testing will support a "claim of innocence."

[10] We note that during the floor debate in both the House and the Senate on what would become chapter 278A, although some legislators who spoke in support of the bill referenced third-party culprit scenarios, no legislator sought to limit the postconviction access testing to defendants who claimed that there was a third-party culprit involved.  See State House News Service (House Sess.), Feb. 8, 2012, at 5 (statement of Rep. John V. Fernandes); State House News Service (House Sess.), Feb. 8, 2012, at 4-5 (statement of Rep. Eugene L. O'Flaherty); State House News Service (Senate Sess.), July 28, 2011, at 2-3 (statement of Sen. Cynthia Stone Creem).  See Commonwealth v. Mogelinski, 466 Mass. 627, 633 (2013), quoting Wright v. Collector & Treas. of Arlington, 422 Mass. 455, 457-458 (1996) (statutory interpretation must be supported by history of statute).

he or she did not commit the crime that occurred:  both assert innocence and, if true, neither is more culpable than the other. Absent statutory language to the contrary, there is no reason to treat these two categories of defendants differently.  Moreover, considering the structure of the statute, it would be illogical to interpret chapter 278A so that a defendant who alleges that no crime occurred would be eligible to move for testing pursuant to G. L. c. 278A, § 2, only to be stymied at the motion stage by never being able to clear the G. L. c. 278A, § 3 (b) (4), hurdle, especially given that the Legislature intentionally set the bar low at the motion stage.  See Lowery v. Klemm, 446 Mass. 572, 578-579 (2006) ("we will not adopt a construction of a statute that creates 'absurd or unreasonable' consequences" [citation omitted]).

Finally, a liberal reading of G. L. c. 278A, § 3 (b) (4), fully comports with the purpose of chapter 278A, i.e., "to remedy the injustice of wrongful convictions of factually innocent persons" by "provid[ing] a more reliable basis for establishing a factually correct verdict," Wade II, 467 Mass. at 504; our reading also aligns with the oft-stated rule that remedial statutes are to be interpreted broadly, see, e.g., Neff v. Commissioner of the Dep't of Indus. Accs., 421 Mass. 70, 73 (1995).

Accordingly, a defendant who asserts that the requested testing has the potential to result in evidence that is material to his or her identity as the perpetrator of the crime because no crime in fact occurred satisfies the § 3 (b) (4) requirement. Here, the defendant has satisfied that threshold burden by asserting that he acted in lawful self-defense.[11]

Conclusion. For the foregoing reasons, the order denying the G. L. c. 278A, § 3, motion is reversed. The case is hereby remanded to the Superior Court for further proceedings consistent with this opinion.

So ordered.

---

[11] Of course, in order to obtain the testing the defendant seeks, he still must demonstrate by a preponderance of the evidence each of the factors enumerated in G. L. c. 278A, § 7 (b), including that "the requested analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case." G. L. c. 278A, § 7 (b) (4). Here, that means that the defendant will have to demonstrate by a preponderance of the evidence that the analysis has the potential to result in evidence that is material to proving that no crime occurred.