NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12596

COMMONWEALTH  vs.  STEVEN M. PUTNAM.


April 9, 2019.


Evidence, Scientific test, Relevancy and materiality.  Practice, Criminal, Postconviction relief.


In March 2006, after a jury trial, the defendant was found guilty of home invasion, armed assault in a dwelling, rape, and assault and battery; he was sentenced to from twenty to twenty-five years in State prison.  The defendant here appeals from the denial of a motion filed pursuant to G. L. c. 278A (chapter 278A) seeking postconviction forensic and scientific testing of evidence and biological material to support a motion for a new trial.  We decide this appeal on the basis of our opinion today in Commonwealth v. Williams, 481 Mass.    (2019).[1]

Facts and prior proceedings.  The evidence presented at the defendant's trial is summarized in Commonwealth v. Putnam, 75 Mass. App. Ct. 472, 473-476 (2009), the affirmance of the defendant's convictions on direct appeal.  We provide a condensed version of events as the jury could have found them.

On the evening of January 26, 2004, the defendant, with whom the victim was acquainted, knocked at the victim's door, seeking to speak with her.  After initially turning the defendant away, the victim allowed the defendant to enter her home, and the two spoke for a short period of time.  When the victim attempted to make a telephone call, the defendant grabbed the victim, punched her in the face, and threw the telephone to

---

[1] We acknowledge the amicus brief submitted by the New England Innocence Project, the Boston College Innocence Program, the Committee for Public Counsel Services, and Dennis Maher.

the floor.  After beating the victim, the defendant pulled a knife out of his pocket and stated, "You can make this hard or you can make this easy."

The defendant tore off some of the victim's clothing and digitally raped her.  When the defendant paused to pull his shirt off, the victim fled.  Naked from the waist down, the victim ran to a neighbor's house; the neighbor called the police, who arrived at the scene within minutes.

At trial, the defendant testified in his own defense that the physical contact between him and the victim was consensual and did not include penetration.  As for the knife, the defendant testified that he had tried to give it to the victim because he was afraid that he would hurt himself.

The defendant filed the instant chapter 278A motion pro se in July 2016, and he supplemented it once he was appointed counsel.  In his motion, the defendant asserted his factual innocence, claiming that he did not enter the victim's home with the intent to commit a crime (and thus was not guilty of home invasion); that he neither used force on nor caused injury to the victim (and thus was not guilty of either armed assault or assault and battery); and that he did not penetrate the victim (and thus was not guilty of rape).  Among other things, the defendant further asserted, pursuant to G. L. c. 278A, § 3 (b) (4), that the requested forensic testing of clothing collected from the victim, and the testing of the sexual assault evidence collection kit, had the potential to result in evidence material to the defendant's identification as the perpetrator.

The Commonwealth opposed the defendant's motion, arguing principally that the defendant's claim that no crime occurred was categorically barred from chapter 278A relief because it did not put identity at issue.  In denying the defendant's motion, the judge stated in part:

> "The defendant's motion and affidavits do not meet the requirements of [G. L. c. 278A, § 3 (b) (4),] in that the defendant has not met his burden to show whether any test results could be material to the question of identity of the perpetrator.  Here the issue is not identity, but whether a crime occurred.  Defendant is not entitled to relief."

The defendant appealed, and we granted his application for direct appellate review.[2]

Discussion. The defendant argues that the motion judge erred by interpreting G. L. c. 278A, § 3 (b) (4), to exclude movants who claim that no crime occurred. In Williams, 481 Mass. at    , we concluded that "a defendant who asserts that the requested testing has the potential to result in evidence that is material to his or her identity as the perpetrator of the crime because no crime in fact occurred satisfies the § 3 (b) (4) requirement." Thus, here we conclude that the defendant's motion satisfies the threshold burden of § 3 (b) (4).[3]

Nothing in our decision should be read as a comment on the defendant's likelihood of success in obtaining the testing he seeks. We note that at the hearing stage, he still must demonstrate by a preponderance of the evidence each of the factors enumerated in G. L. c. 278A, § 7 (b), including that "the requested analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case." G. L.

---

[2] Pursuant to G. L. c. 278A (chapter 278A), an individual seeking postconviction forensic testing must present certain information by way of motion. The Commonwealth may provide a response, but need not do so at the motion stage, which is considered "nonadversarial." G. L. c. 278A, § 3 (e). See Commonwealth v. Wade, 467 Mass. 496, 503 (2014), S.C., 475 Mass. 54 (2016). If the motion is allowed, the Commonwealth at that point must file a response, and the court will hold an evidentiary hearing. G. L. c. 278A, §§ 4 (c), 6. Here, there is no indication in the docket that the defendant's chapter 278A motion was allowed before the Commonwealth was ordered to respond. The Commonwealth did so citing G. L. c. 278A, § 4, the provision requiring the Commonwealth's response once the initial motion has been allowed. A G. L. c. 278A, § 6, hearing was scheduled, but the hearing that took place was focused on whether the defendant was eligible to seek chapter 278A testing and was nonevidentiary in nature. For these reasons, and because the motion judge who issued the ultimate denial cited G. L. c. 278A, § 3 (b) (4), we review the matter at the motion stage under § 3.

[3] The Commonwealth does not identify, nor do we discern, any defect in the defendant's prima facie case for chapter 278A relief under the other § 3 factors.

c. 278A, § 7 (b) (4).  More specifically, here the defendant will need to demonstrate that the analysis has the potential to result in evidence that is material to proving that no crime occurred.

Conclusion.  The order denying the defendant's chapter 278A motion is reversed, and this case is remanded to the Superior Court for further proceedings consistent with this opinion and our reasoning in Williams, supra.

So ordered.

Merritt Schnipper for the defendant.
Donna-Marie Haran, Assistant District Attorney, for the Commonwealth.
Lisa M. Kavanaugh, Committee for Public Counsel Services, Stephanie Roberts Hartung, Isaac N. Saidel-Goley, Sarah L. Rosenbluth, Sara J. van Vliet, & Sharon L. Beckman, for New England Innocence Project & others, amici curiae, submitted a brief.