LOWY, J.
**830 We are called upon to interpret the standing requirement of G. L. c. 278A (chapter 278A). That statute "allows those who have been convicted but assert factual innocence to have access to forensic and scientific testing of evidence and biological **831 material that has the potential to prove their innocence." Commonwealth v. Williams, 481 Mass. 799, 799, 119 N.E.3d 1171 (2019). "A person may file a motion for forensic or scientific analysis under" chapter 278A if that person is, among other requirements, "incarcerated in a state prison [or] house of correction, is on parole or probation[,] or [is one] whose liberty has been otherwise restrained as the result of a conviction." G. L. c. 278A, § 2 (2).
Don Earl Johnson is currently incarcerated in Federal prison for failing to register as a sex offender. He seeks deoxyribonucleic acid (DNA) testing of biological material pertaining to his only sex offense, of which he claims innocence. The Commonwealth argues that Johnson does not satisfy the requirements of G. L. c. 278A, § 2 (2), because he is not incarcerated for the crime that is the subject of his chapter 278A motion. Johnson argues that his current incarceration for failure to register is "as the result of" his sex offense, even though he is not incarcerated for that crime. We agree with Johnson, and therefore conclude that he has satisfied the requirements of G. L. c. 278A, § 2 (2).[1]
*843 Background.[2] Johnson was arrested in 1994 after a woman reported that she was beaten by two men and vaginally raped by one of them. The woman thought her assailant had ejaculated, and a hospital nurse provided police with an evidence collection kit. At the crime scene, police found spots on the ground that may have been semen.
Johnson was indicted on two counts of aggravated rape and one count of assault and battery. The aggravated rape charges carried maximum sentences of life in prison. See G. L. c. 265, § 22 (a ). Johnson pleaded guilty to two counts of indecent assault and battery and one count of assault and battery, and was sentenced to one year in a house of correction with a credit of 229 days.
Two decades later, in 2014, Johnson filed pro se a chapter 278A motion for DNA testing of semen and an evidence collection kit in the police's possession.[3] The motion was denied without a hearing. Johnson, now represented by counsel, filed in 2018 a second motion for DNA testing of the evidence collection kit.
**832 Johnson stated in an affidavit accompanying his second chapter 278A motion that he was "currently serving a federal prison sentence ... for federal failure to register as a sex offender." See 18 U.S.C. § 2250(a) (2012) (criminal penalty for knowing failure to "register or update a registration as required by the Sex Offender Registration and Notification Act"). Johnson asserted also that he was "required to register as a sex offender" "[a]s a result of" his 1994 convictions of indecent assault and battery, and that he had "no other sex offense convictions."[4] See Commonwealth v. Sylvester, 476 Mass. 1, 2, 10, 62 N.E.3d 502 (2016) ("indecent assault and battery" is "a sex offense under G. L. c. 6, § 178C," and "the duty to register as a sex offender is a 'practically certain' effect of a conviction for a sex offense as defined in" that section).[5] Finally, Johnson explained, "I pleaded guilty even though I was innocent because my attorney advised me that I already had [eight] months credit, that the plea would allow me to be out of jail 'right away,' that the risk of going to trial was a 'life sentence,' and that this was the case of a white woman versus a black man and a jury would not believe a black man. My attorney never shared the police report with me and I was unaware at the time of the plea that there might be material available for DNA testing."
In opposition to Johnson's second chapter 278A motion, the Commonwealth argued that (1) the denial of Johnson's first chapter 278A motion estopped Johnson from filing a new motion; and (2) Johnson does not have standing pursuant to G. L. c. 278A, § 2 (2), because he "is not currently *844 facing incarceration, or any other restraint on his liberty, as a result of his 1994 convictions for indecent assault and battery." Johnson's motion was again denied without a hearing. The judge wrote in the order denying the motion that "[a]fter review of the pleadings, exhibits and relevant law [Johnson]'s motion is denied for the reasons stated" in the Commonwealth's memorandum.
Johnson appealed from the denial of his second chapter 278A motion, and we allowed his motion for direct appellate review.
**833 Because Johnson is in Federal prison "as the result of" his convictions of the crimes of which he asserts factual innocence, we vacate the judge's decision and remand for consideration of the question whether Johnson is otherwise entitled to a hearing pursuant to G. L. c. 278A, § 7.
Discussion. 1. Estoppel. The Commonwealth argues, and the judge agreed, that Johnson is estopped from seeking forensic testing because his first chapter 278A motion to test the evidence collection kit was denied. However, when a moving party fails to satisfy the threshold requirements of chapter 278A, the moving party's motion is to be dismissed "without prejudice." G. L. c. 278A, § 3 (e ).[6] This rule allows a moving party to raise in a chapter 278A motion the same issues he or she had raised in an earlier motion that was denied without a hearing. See Commonwealth v. Wade, 467 Mass. 496, 500 n.7, 5 N.E.3d 816 (2014), S.C., 475 Mass. 54, 55 N.E.3d 409 (2016) (chapter 278A "appears to contemplate any number of ... filings"). Cf. Morgan v. Evans, 39 Mass. App. Ct. 465, 470, 657 N.E.2d 764 (1995) (in context of dismissals pursuant to Mass. R. Civ. P. 41, 365 Mass. 803 [1974], "dismissal without prejudice does not preclude a second action on the same claim and issues").[7] Thus, although Johnson's first chapter 278A motion was "denied," it was effectively dismissed without prejudice.
2. Standing. A moving party is "eligible to request" postconviction forensic or scientific analysis pursuant to chapter 278A only if he or she satisfies the standing requirements of G. L. c. 278A, § 2. Williams, 481 Mass. at 800, 119 N.E.3d 1171.[8] Pursuant to that section, **834 "A person may file a motion for forensic or scientific analysis under this chapter if that person: (1) has been convicted of a criminal offense in a court of the commonwealth; (2) is incarcerated in a state prison, house of correction, is on parole or probation or *845 whose liberty has been otherwise restrained as the result of a conviction; and (3) asserts factual innocence of the crime for which the person has been convicted." The Commonwealth argues, and the judge agreed, that Johnson does not satisfy the second factor.[9]
With respect to G. L. c. 278A, § 2 (2), Johnson is not "incarcerated in a state prison" or "house of correction," nor is he "on parole or probation." However, as the Commonwealth acknowledges, his "liberty has been otherwise restrained" because he is in Federal prison. The issue is whether he is in prison "as the result of" his convictions of the crimes of which he asserts factual innocence.
The Commonwealth argues that the phrase "as the result of" requires a moving party to show that his or her liberty has been restrained as a "direct" consequence of his or her conviction. Johnson's current prison sentence, the argument goes, is an "indirect" consequence because it was imposed for his failure to register as a sex offender, not for his commission of the crimes of which he now asserts factual innocence. In contrast, Johnson contends that the second factor is satisfied where a moving party "is incarcerated and would not be incarcerated but for his [or her] conviction."[10] We review de novo this issue of statutory interpretation, see Commonwealth v. Moffat, 478 Mass. 292, 298-299, 85 N.E.3d 38 (2017), and conclude that Johnson is imprisoned "as the result of" his convictions of indecent assault and battery.
**835 "We begin with the plain language of the statute." Commonwealth v. LeBlanc, 475 Mass. 820, 821, 62 N.E.3d 34 (2016). On its face, G. L. c. 278A, § 2 (2), does not require that a moving party's liberty be restrained as the "direct" result of a conviction of the crime of which he or she asserts factual innocence. The restraint on liberty must be merely "the result of" that conviction. G. L. c. 278A, § 2 (2). See Webster's Third New International Dictionary 1937 (2002) (defining "result" as, in pertinent part, "something that results as a consequence, effect, ... or conclusion"). "We do not read into [a] statute a provision which the Legislature did not see fit to put there ...." Williams, 481 Mass. at 807-808, 119 N.E.3d 1171, quoting Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126, 842 N.E.2d 926 (2006). Cf. Dartt v. Browning-Ferris Indus., Inc. (Mass.), 427 Mass. 1, 6, 8, 691 N.E.2d 526 (1998), quoting G. L. c. 151B, § 4 (16) (statute prohibiting discrimination "because of" handicap "does not use the term 'solely.' We discern no other similarly restrictive language in the statutory scheme, and we hesitate to rewrite the statute judicially to import such a restriction").
*846 Additionally, "[t]he omission of particular language from a statute is deemed deliberate where the Legislature included [the] omitted language in related or similar statutes." Fernandes v. Attleboro Hous. Auth., 470 Mass. 117, 129, 20 N.E.3d 229 (2014). When chapter 278A was enacted, see St. 2012, c. 38, the Legislature had already required a "direct" result of criminal activity in other contexts. See G. L. c. 127, § 1, as amended through St. 1982, c. 108, § 1 (defining "[v]ictim" as, in part, "any entity which has suffered property damage or property loss as a direct result of the crime for which the sentence referred to in this chapter was imposed" [emphasis added] ); G. L. c. 258C, § 3 (b ) (2) (G), as amended through St. 2010, c. 256, § 113 ("Expenses incurred for professional crime scene cleanup services necessary as the direct result of the commission of a crime ... shall be compensable ..." [emphasis added] ).
Moreover, declining to read the word "direct" into G. L. c. 278A, § 2 (2), is consistent with the purpose of chapter 278A. "Given [the Legislature's] compelling interest in remedying wrongful convictions of factually innocent persons," "it is entirely appropriate that we construe the language of G. L. c. 278A, § [2 (2) ], in a manner that is generous to the moving party." Commonwealth v. Clark, 472 Mass. 120, 136, 34 N.E.3d 1 (2015). Cf. Williams, 481 Mass. at 808, 119 N.E.3d 1171 ("liberal reading of G. L. c. 278A, § 3 [b ] [4], fully comports with the purpose of chapter 278A").
**836 For these reasons, we decline to adopt the Commonwealth's interpretation of G. L. c. 278A, § 2 (2).[11] Where a moving party is incarcerated for failing to register as a sex offender, his or her liberty has been restrained "as the result of" a conviction but for which he or she would not be incarcerated. Therefore, Johnson has satisfied the requirements of G. L. c. 278A, § 2 (2).[12]
*847 Conclusion. For the foregoing reasons, the order denying Johnson's second chapter 278A motion is vacated and the case is remanded to the Superior Court for consideration of the question **837 whether Johnson is otherwise entitled to a hearing pursuant to G. L. c. 278A, § 7.[13]
So ordered.

We acknowledge the amicus briefs submitted by the Boston Bar Association and by the innocence program of the Committee for Public Counsel Services and the New England Innocence Project.

We take the following facts from the affidavits and exhibits included with Don Earl Johnson's motion pursuant to G. L. c. 278A (chapter 278A).

Johnson had earlier moved for deoxyribonucleic acid (DNA) testing pursuant to the Federal habeas corpus statute, 28 U.S.C. § 2254 (2012). That motion was denied for failure to comply with chapter 278A.

Johnson's criminal record, which was filed with his chapter 278A motion, confirms that he has no other convictions that would have required him to register as a sex offender.

The sex offender registration statute was not enacted until after Johnson's convictions. See Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780, 785, 882 N.E.2d 298 (2008) (describing "genesis of the duty to register"). However, the registration requirement "applies to persons convicted of a designated sex offense whose 'incarceration or parole or probation' had been completed 'on or after August 1, 1981.' " Id., quoting G. L. c. 6, § 178C.

This requirement technically applies only to motions that do not satisfy G. L. c. 278A, § 3, which lists the information that must be provided in a chapter 278A motion. See G. L. c. 278A, § 3 (e ) ("The court shall ... review all motions filed and shall dismiss, without prejudice, any such motion without a hearing if the court determines ... that the motion does not meet the requirements set forth in this section" [emphasis added] ). However, we see no reason why motions that do not satisfy G. L. c. 278A, § 2, such as Johnson's first chapter 278A motion here, should not also be dismissed without prejudice. As discussed infra, it is consistent with the purpose behind chapter 278A to interpret the statute in a manner favorable to moving parties. See Commonwealth v. Clark, 472 Mass. 120, 136, 34 N.E.3d 1 (2015).

We previously have decided appeals from orders denying chapter 278A motions where earlier such motions had been denied. See Commonwealth v. Williams, 481 Mass. 799, 803, 119 N.E.3d 1171 (2019) ; Commonwealth v. Donald, 468 Mass. 37, 40, 8 N.E.3d 727 (2014).

If a moving party satisfies the requirements of G. L. c. 278A, §§ 2 and 3, then he or she is entitled to a hearing. See G. L. c. 278A, § 6 (a ). Pursuant to G. L. c. 278A, § 7 (b ), a moving party is entitled to the requested forensic or scientific analysis if, after a hearing, a judge decides that the factors listed in that subsection have been proved by a preponderance of the evidence.

We have yet to articulate a moving party's burden of proof with respect to the first two factors of G. L. c. 278A, § 2. Cf. Williams, 481 Mass. at 806, 119 N.E.3d 1171 (with respect to third requirement in § 2, moving party must "assert[ ] in the affidavit accompanying his or her chapter 278A motion that he or she" was factually innocent); Commonwealth v. Wade, 467 Mass. 496, 501-504, 5 N.E.3d 816 (2014), S.C., 475 Mass. 54, 55 N.E.3d 409 (2016) (establishing framework for deciding whether moving party has satisfied requirements of G. L. c. 278A, §§ 3 and 7 ). We need not do so here because the relevant facts are uncontested.

Johnson argues in the alternative that a moving party's "liberty has been otherwise restrained as the result of a conviction," G. L. c. 278A, § 2 (2), where he or she is required to register as a sex offender. We leave for another day the question whether the liberty interests implicated by sex offender registration fall within the scope of chapter 278A.

Other sources of legislative intent provide little insight. The Commonwealth points to statutes in other jurisdictions that provide for postconviction DNA testing and that purportedly would encompass Johnson's situation more clearly than does chapter 278A. According to the Commonwealth, we should deem persuasive the Legislature's decision not to adopt these other provisions. See Wade, 467 Mass. at 511-512, 5 N.E.3d 816 (contrasting chapter 278A with "provisions in statutes in other jurisdictions providing for postconviction DNA testing"). However, the Legislature was also presumably aware of, and declined to enact, a South Carolina provision that expressly requires a moving party to be incarcerated for the crime of which he or she claims innocence. See S.C. Code Ann. § 17-28-30(A) (person "may apply for forensic DNA testing of his DNA and any physical evidence or biological material related to his conviction or adjudication" where, among other requirements, person "is currently incarcerated for the offense" [emphasis added] ).
Likewise, the floor debates and committee hearings about legislative proposals containing the phrase "as the result of" do not provide a definitive interpretation of that phrase. During the floor debate on 2011 Senate Doc. No. 1987, one legislator stated, "An innocent person should not be incarcerated because of a wrongful conviction" (emphasis added). State House News Service (Senate Sess.), July 28, 2011, at 5 (statement of Sen. Cynthia Stone Creem). However, during a hearing about 2011 Senate Doc. No. 753 and 2011 House Doc. No. 2165, the Boston Bar Association provided a summary according to which the proposed legislation applied to "[p]ersons convicted of a crime in the Commonwealth ... who are either incarcerated or on some form of probation or parole for this conviction" (emphasis added). Testimony of the Boston Bar Association before the Joint Committee on the Judiciary in Support of S 753 and H 2165 (June 8, 2011), https://www.brandeis.edu/investigate/innocence-project/docs/s-753-06.08.11-d-siegel-testimony-summary-cost.pdf [https://perma.cc/ALE7-THKF].

Two convictions required Johnson to register as a sex offender because he pleaded guilty to two counts of indecent assault and battery. Where multiple convictions require a moving party to register as a sex offender, each conviction generally will not be the but-for cause of the registration requirement. See Black's Law Dictionary 273 (11th ed. 2019) (defining "but-for cause" as "[t]he cause without which the event could not have occurred"). However, where a moving party who is incarcerated for failing to register as a sex offender claims factual innocence of a single incident that led to multiple sex offense convictions, and where no other incident has led to convictions requiring that moving party to register as a sex offender, we will consider G. L. c. 278A, § 2 (2), to be satisfied.

The chapter 278A motion at issue here might not include all the information required by G. L. c. 278A, § 3 (b ), which Johnson must provide to be granted a hearing and to move forward with his application for DNA testing. See G. L. c. 278A, §§ 3 (e ), 6 (a ). If that is the case, then Johnson may file an amended motion that addresses these other requirements.