NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1445

COMMONWEALTH

vs.

KAIO D. RODRIGUES DA SILVA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, the defendant was convicted of indecent assault and battery on a person fourteen or older, pursuant to G. L. c. 265, § 13H.  The defendant filed two postconviction discovery motions,[1] pursuant to G. L. c. 278A and Mass. R. Crim. P. 30 (c) (4), as appearing in 454 Mass. 1501 (2001) (rule 30 [c] [4]), which the motion judges denied.  The defendant appeals from the orders denying these motions and the two appeals were consolidated in this court.[2]  We affirm the

---

[1] The defendant also filed a postconviction motion for funds, that was allowed on May 20, 2024.

[2] The defendant's direct appeal has been stayed pending disposition of this appeal and the conclusion of any other posttrial motions.

orders denying the motions under G. L. c. 278A.[3]

1. <u>First postconviction discovery motion</u>.  The defendant claims that the first motion judge[4] erred by denying, in part, the defendant's first postconviction discovery motion, filed on or about July 31, 2024.  In this motion, the defendant moved for preservation of evidence and postconviction discovery pursuant to G. L. c. 278A, § 3.  The judge issued a preservation order, but did not order further postconviction discovery, and the defendant appealed.  The judge's order was proper.

In an appeal from the denial of a motion under G. L. c. 278A, § 3, our review is de novo.  See <u>Commonwealth</u> v. <u>Moffat</u>, 478 Mass. 292, 298 (2017).  For a motion for forensic or scientific analysis under G. L. c. 278A to be proper, it must comply with the requirements of G. L. c. 278A, § 3.  Section 3 lists several elements that must be a part of the motion, including the fourth element of "information demonstrating that

---

[3] By statute, orders denying postconviction discovery under G. L. c. 278A are final and immediately appealable.  See G. L. c. 278A, § 18.  However, the portions of the orders denying both postconviction discovery motions under rule 30 (c) (4) are interlocutory and not appealable until a motion for a new trial has been filed and decided in the trial court.  See <u>Commonwealth</u> v. <u>Vines</u>, 94 Mass. App. Ct. 690, 693-694 (2019) (order under rule 30, governing postconviction relief and related discovery, only authorizes appeal from final order allowing or denying postconviction relief).  Therefore, we dismiss the appeal from those portions of the orders as premature.

[4] The first motion judge was the trial judge.

2

the analysis has the potential to result in evidence that is material to the [defendant's] identification as the perpetrator of the crime in the underlying case."  G. L. c. 278A, § 3 (b) (4).  To meet this element, "the moving party need only show that the requested analysis 'could be material to the question of . . . identity.'"  Commonwealth v. Steadman, 489 Mass. 372, 389 (2022), quoting Commonwealth v. Wade, 467 Mass. 496, 508 (2014), S.C., 475 Mass. 54 (2016).  While in a motion under G. L. c. 278A, § 3, "the movant's burden is low," Steadman, supra at 388, it still must be satisfied.  The defendant's motion failed to meet that burden.

The defendant does not properly assert in his motion that the discovery sought, the original video recordings (videos), could be material to the question of identity, because the defendant already has access to this evidence.  The videos were admitted as an exhibit at trial and the Commonwealth has provided copies of the videos to defense counsel multiple times. See Wade, 467 Mass. at 508 (fourth element of G. L. c. 278A, § 3, met where requested deoxyribonucleic acid testing could produce new information as to identity of rapist).  The motion failed to meet this fourth element, and it was properly denied.[5]

---

[5] The Commonwealth also suggests that other elements of G. L. c. 278A, § 3, were not met.  Given our resolution of the matter, we need not address that claim.

3

While the defendant cites to Commonwealth v. Williams, 481 Mass. 799, 809 (2019), for the proposition that a defendant who asserts no crime occurred at all, which the defendant argues, can satisfy this fourth element, he fails to recognize that Williams does not rid him of the requirement in element four to assert that "the requested testing has the potential to result in evidence that is material . . ." (emphasis added). Id. Copies of the videos were already provided to the defense, the videos do not depict the crime, the defendant has not shown that other versions of the videos have the potential to yield evidence material to the issue whether the crime occurred, and therefore the requested discovery does not have the potential to be material.

2. Second postconviction discovery motion. The defendant also claims that his November 18, 2024, motion for postconviction discovery was improperly denied. The defendant moved, again, under G. L. c. 278A, and requested the same discovery, just from a different party. Again, we find no error in the second motion judge's ruling.

The defendant lacked standing to file this second motion under G. L. c. 278A. For the defendant to have standing to move for postconviction access to forensic and scientific analysis,

4

he must meet the requirements of G. L. c. 278A, § 2.  This section states that

> "[a] person may file a motion for forensic or scientific analysis under this chapter if that person:  (1) has been convicted of a criminal offense in a court of the commonwealth; (2) is incarcerated in state prison, house of correction, is on parole or probation or whose liberty has been otherwise restrained as the result of a conviction; and (3) asserts factual innocence of the crime for which the person has been convicted."

G. L. c. 278A, § 2.  Here, although the defendant meets elements one and three, he fails to meet element two.

The defendant's sentence of two years in the house of correction was suspended and he was placed on probation for two years.  His probation sentence ended on August 19, 2024.  This motion was filed November 18, 2024 -- nearly three months after his probation was terminated.  As a result, he does not meet the second element required to move under G. L. c. 278A, § 2, as at the time of filing this motion, he was not in State prison, in the house of correction, on parole, on probation, or otherwise having his liberty restrained, e.g., being held in Federal prison.

The defendant claims that he had standing to file this motion under G. L. c. 278A, arguing his liberty is restrained as he still must comply with the collateral consequences of his conviction including the requirements of G. L. c. 6, §§ 178C to 178Q, and further, because he is deemed inadmissible under

5

Federal immigration law as a result of this conviction.  The second motion judge disagreed,[6] as do we.

The defendant fails to cite to any supporting authority, nor are we familiar with any, that suggests that simply complying with the requirements of G. L. c. 6, § 178L, or potential immigration consequences constitutes a restraint on liberty within the meaning of G. L. c. 278A.  The defendant relies on Commonwealth v. Johnson, 482 Mass. 830 (2019), but this case is inapposite.  See id. at 834 (where there was no dispute that defendant's "liberty ha[d] been otherwise restrained" due to Federal imprisonment).  Furthermore, "[w]e do not read into the statute a provision which the Legislature did not see fit to put there . . . ."  Williams, 481 Mass. at 807-808, quoting Commissioner of Correction v. Superior Court Dep't of the Trial Court for the County of Worcester, 446 Mass. 123, 126 (2006).

Even if the defendant had standing to make this motion, the defendant has, for the reasons already previously stated, failed to demonstrate that any future analysis has the "potential to result in evidence that is material to the [defendant's]

---

[6] The second motion judge denied this motion "for the reasons set forth by the Commonwealth in its written opposition."  Included amongst those reasons, which the Commonwealth argued in its written opposition, is that the defendant lacked standing to move under G. L. c. 278A.

identification as the perpetrator of the crime in the underlying case." G. L. c. 278A, § 3 (b) (4). The motion was properly denied.[7,8]

Conclusion. So much of the orders dated August 16, 2024, and December 10, 2024, as denied the motions for postconviction discovery under G. L. c. 278A are affirmed. The appeals from the remainder of those orders are dismissed as premature.

So ordered.

By the Court (Meade, Neyman & Walsh, JJ.[9]),

Clerk

Entered: November 14, 2025.

---

[7] The defendant also claims that it was error for the motion judges to fail to state findings of fact and conclusions of law on the record, or make written findings of fact or conclusions of law, pursuant to G. L. c. 278A, § 7. Since we have resolved this appeal at the G. L. c. 278A, § 3, stage, we need not address this argument. Nor is there any legal significance to the judge having "denied" the motion rather than using the word "dismiss" as found in G. L. c. 278A, § 3 (e).

[8] The Commonwealth filed a motion to expand the record, to include e-mail messages between the prosecutor and the defendant's trial counsel. As allowing this motion is not necessary to reach our decision in this case, we deny it.

[9] The panelists are listed in order of seniority.

7